## STATE OF MAINE *versus* DAY.

Rules of evidence may be changed by the Legislature without violating any of the provisions of the constitution.

The law of 1853, c. 49, § 9, making proof of a *delivery* of intoxicating liquors sufficient evidence of a *sale*, when an unlawful sale is alleged, is applicable to support an indictment for being a common seller under c. 211, § 8, of stat. of 1851.

An indictment charging a person as a common seller, includes the charge of making actual sales.

Proof of *three* unlawful sales is sufficient to authorize a conviction of being a common seller.

And *such sales* may all be made in one day.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

INDICTMENT for the common selling of spirituous and intoxicating liquors, in the town of Saco, between October 1, 1853, and April 1, 1854, under the Act of June 2d, 1851.

After the evidence for the State was introduced, the defendant requested the Judge to give the following instructions: —

1. That the provisions of the law of 1853, in addition to c. 211, that, a delivery shall be sufficient evidence, without proof of payment, when a sale is alleged, does not apply to this case, and that if it does apply, the same is unconstitutional.

2. That four specific deliveries of liquor, is not sufficient to warrant a conviction as a common seller.

3. That evidence of selling four times from March 6th to March 14th, 1854, is not sufficient to warrant a conviction on this indictment.

But the Judge refused to give any of the requested instructions, and gave other instructions.

The jury returned a verdict of guilty, and the defendant excepted.

*L. D. Wilkinson*, for the defendant.

1. The first instruction should have been given. The language of the clause referred to, fixes itself to an act of

single sale and nothing else; and the refusal to rule as requested, was calculated to mislead the jury.

2. The second requested instruction was legally correct. The law requires evidence of selling. There may be a number of deliveries without any selling, and consequently, without any violation of law.

3. The third instruction should have been given. Any man, either of your Honors, might sell liquor a dozen times in one day, or the same number in a dozen days, for certain good and honorable purposes, as for sickness, and not be a *common* seller.

*Evans, Att'y Gen.,* for the State.

SHEPLEY, C. J. — The indictment charges upon the defendant a violation of the provisions of the Act of June 2, 1851, c. 211, § 8, by being a common seller of spirituous liquors without license.

It has been decided, that an indictment charging a person with being a common seller and with the actual sale of such liquors, did not charge more than one offence. *State* v. *Cottle,* 15 Maine, 473; *State* v. *Stinson,* 17 Maine, 154; *State* v. *Churchill,* 25 Maine, 306. The result is, that a charge of being a common seller includes a charge of making actual sales.

By the Act approved on March 31, 1853, c. 49, § 9, it is provided, "whenever an unlawful sale is alleged and a delivery is proved, it shall not be necessary to prove a payment, but such delivery shall be sufficient evidence of sale." This provision is applicable, when proof of actual sales are required to convict one of the offence of being a common seller.

The Legislature may make changes in the rules of evidence, without a violation of any provision of the constitution. *Oriental Bank* v. *Freese,* 18 Maine, 109.

It has been decided, that three different sales would be sufficient to authorize a conviction for being a common seller. *Commonwealth* v. *Odlin,* 23 Pick. 275. And that all the

sales may be made on the same day. *Commonwealth* v. *Perley*, 2 Cush. 559.

All the requested instructions were properly refused.

*Exceptions overruled.*

RICE, HATHAWAY and CUTTING, J. J., concurred.