## THE STATE OF MISSOURI, Respondent, *v.* EDWARD EVERS AND JOHN EVERS, Appellants.

1. *Criminal law — Obtaining money under false pretenses — Allegations must show what.* — The essence of the crime of obtaining money or property by false pretenses, is that the false pretense should relate to a past event or to a fact having a present existence, and not to something to happen in the future. And the prosecutor must believe that the pretense is true, and, confiding in its truth, must, by reason of such confidence, part with his money or property. An indictment for obtaining money under false pretenses, which fails to show these facts, is bad, and may be reached by motion in arrest.

The State of Missouri v. Evers et al.

*Appeal from St. Louis Criminal Court.*

*G. P. Strong*, for appellant.

I. The indictment fails to charge any offense punishable under the statute. (Rex v. Douglas, Brit. Cro. Cas., Moody, 462; Rex v. Goodall, *id.*, Russell & R., 461; Regina v. Johnson, *id.*, 2 Moody, 254; Com. v. Strain, 10 Metc. 521; State v. Green, 7 Wis. 676; State v. Bonnell, 46 Mo. 395; People v. Gates, 13 Wend. 311; The People v. Haynes, 14 Wend. 564; Rex v. Reed, 7 Carr. & P. 848; Rex v. Dale, *id.* 352; 8 Cox Cro. Cas. 233; Regina v. Evans, 9 Cox, 241; Dillingham v. State, 5 Ohio St. 283; Commonwealth v. Drew, 19 Pick. 184–5.)

II. The indictment does not allege that McDermott believed the false pretenses to be true, or that he was deceived by them, or that he was induced to part with his money by reason of these false pretenses and representations. These are essential allegations. See forms of indictment. (People v. Smith, 5 Parkes' Crim. Rep. 491; The People v. Cook, 6 Parkes' Crim. Rep. 32.)

*H. B. O'Reilly*, for respondent, cited in argument Commonwealth v. Drew, 17 Pick. 183; The People v. Haynes, 14 Wend. 555, 559; Rex v. Jennison, 9 Cox Cro. Cas. 168; Rex v. Douglass, 1 Moody, 462; State v. Raule, 14 Conn. 101; Wagn. Stat. 461, § 47; Young v. Rex, 3 T. 98.)

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution against the defendants for obtaining money from one Owen McDermott, the prosecutor, by false pretenses. The indictment is substantially as follows, to-wit: "That Edward Evers and John Evers, late of St. Louis, in the county of St. Louis aforesaid, on the fifteenth day of July, in the year of our Lord one thousand eight hundred and seventy-one, at St. Louis, in the county of St. Louis aforesaid, with intent to cheat and defraud one Owen McDermott, unlawfully, knowingly, designedly and feloniously did falsely pretend to said McDermott that neither of them, the said Edward Evers and John Evers, had any partnership or business connection with one

Joel W. Cormack, in certain grain separating and cleaning machinery, then in use at 114 South Commercial street, in said city of St. Louis, or in the grain-cleaning business carried on there; that the machinery and apparatus aforementioned, then in use at 114 South Commercial street, had capacity for and would clean 1,000 bushels every day of such grain as would afford a profit to clean by such process; that with a capital of $1,000 deposited as a margin or security with any respectable commission merchant, such merchant could and would readily guarantee a daily supply of 1,000 bushels of such grain as would afford a profit to clean by said machinery; that with a capital or margin so deposited as aforesaid, after allowing for all possible losses, delays and contingencies, a net profit of at least $400 per week could be realized in said business or enterprise; that the net profits in one lot of some 257 bushels of wheat, which said McDermott had caused to be purchased for the purpose of testing said machinery, were $33; that the total amount of money which the said McDermott should invest in said business or enterprise in conjunction with said John Evers would be deposited, together with the amount said John Evers might add thereto, with Messrs. Bell & McCreery, commission merchants at 104 South Commercial street aforesaid, to the joint credit of said McDermott & John Evers, and for their sole use and benefit, and to be by said Bell & McCreery used in furnishing to said McDermott & John Evers, a daily supply of grain such as would be suitable for the business and afford a profit to them; that said Bell & McCreery had promised to said McDermott & John Evers on a margin of $1,000, to be deposited with them as security, 1,000 bushels daily of such grain as would be suitable for the business and afford a profit to clean; that better terms and conditions would be made with Messrs. Bell & McCreery by said Edward Evers than could be made by said McDermott with said parties; and that said Edward Evers was one of the wealthiest, most honorable and influential St. Louis capitalists, a great railroad speculator and large landed proprietor."

The indictment then proceeds to allege that by means of said false pretenses the two Evers obtained from McDermott $589.

The State of Missouri v. Evers et al.

The indictment then charges that each of the several representa-tions above set forth was false, and then concludes in the usual form, without any further material allegations.

This indictment and prosecution were under section 47 of the third article of chapter 42, concerning crimes and punishments. (Wagn. Stat. 461.) The defendants were tried and convicted,. and moved in arrest of judgment; and this motion being over--ruled, they have brought the case here by appeal. Some questions-arose upon the trial in regard to the evidence and instructions, but in. the view I take of the case it is unnecessary to notice them here..

1. The essence of the crime of obtaining money or property by- false pretenses is that the false pretense should be of a past event, or of a fact having. a present existence, and not of something- to happen in the future, and that the prosecutor believed that the pretense was true; and that, confiding in the truth of the pretense-' and by reason thereof, he parted with his money or property.. (Whart. Am. Crim. Law, §§ 2087, 2116, 2118, 2121–2, and the authorities there referred to; see also Commonwealth v. Strain, 10 Metc. 521; State v. Green, 7 Wis. 676; Rex v. Goodal, Brit.. Cro. Cas., Russell & R., 461.)

Many of the alleged pretenses in this indictment refer to future events, and some seem to be promises or guarantees that certain things will be done. In regard to such promises, our Supreme Court held in the case of The State v. Chunn, 19 Mo. 233, that they were not within this statute. That was a case where the prisoner falsely pretended that he was the owner of a slave, and induced the prosecutor to buy the slave and take a bill of sale with covenant of warranty of title. The court held that this warranty took the case out of the statute.

2. The indictment ought to allege all the facts constituting the offense. In this case the material fact that the prosecutor believed the alleged pretenses to be true, and, confiding therein and by reason thereof, parted with his money, is wholly omitted. The indictment is therefore bad, and the motion in arrest should have been sustained.

The judgment must be reversed. The other judges concur..