THE STATE, *Appellant*, v. VORBACK.

1. **Obtaining Goods under False Pretenses.** An indictment for obtaining goods under false pretenses, alleging several matters, one of which may not be in legal contemplation a false pretense, because it relates to something to be done in the future, is not vitiated thereby, if the others are such false pretenses as our statute contemplates.

2. ———: SUFFICIENT AVERMENT OF BELIEF IN THE FALSE PRETENSES. An allegation in such an indictment that the person, to whom such

false pretenses were made, believing the same, and being deceived thereby, was induced, by reason thereof, to deliver, &c., is sufficient averment that such person believed the false pretenses to be true.

*Appeal from Chariton Circuit Court.*—Hon. G. D. Burgess, Judge.

*J. L. Smith,* Attorney-General, for appellant.

A false pretense is defined to be a representation of some fact or circumstance calculated to mislead, which is not true. 2 Bish. Crim Law. (5th Ed.,) Sec. 415.

So there need be only one false pretense, and although several be set out in the indictment, yet if any of them are proved, being such as amount in law to a false pretense, the indictment is sustained. 2 Bish. Crim. Law, sec. 418.

The pretense that the agent of the partnership had examined into the solvency of the defendant, and had satisfied himself of the same, such not being the case, was certainly calculated to mislead, and was of a sufficiently controlling character to cause the owners to part with the goods. As to the representation of owning a farm and property, see 2 Bish. Crim. Law, Sec. 444.

In Conger's case, 1 Wheeler's Crim. Cases, 450, representing that the defendant was a person of wealth and credit, was held a sufficient false pretense.

In *People v. Haynes,* 11 Wend. 557, Mr. Justice Nelson says, the statute extends to every case where a party has obtained money or goods by falsely representing himself to be in a situation in which he is not, or by falsely representing any occurrence that has not happened to which persons of ordinary caution might give credit.

So see *People v. Kendall,* 25 Wend. 399, where a minor representing himself to be a joint owner with his father of a number of cows and other stock on a neighboring farm, was held within the statute.

In *State v. Newell,* 1 Mo. 248, the defendant represented that he was the owner of four valuable slaves, when he

was not, and our Supreme Court held this to be a false pretense and within the statute.   2 Bish. Crim. Law, Sec. 437; *State v. Pryor*, 30 Ind. 350.

*Pollard & Chapman*, and *S. C. Major, Jr.*, with *Devors & Winters* for respondent. .

I.   The indictment shows that a portion of the false pretenses were concerning some future thing the defendant was to do, viz: open a general store.   Now, although there were other representations set up of things then in being, viz: his·property and his bank account; yet, as the bill of exceptions fails to show the evidence, this court cannot determine whether Gaines, the person from whom the defendant obtained the goods, was actuated in delivering them by the one or the other representation, and the defendant is entitled to the benefit of the doubt, and as it is not a felony to obtain goods on a promise to do something in the future, the indictment is bad.   *State v. Evers*, 49 Mo. 542; *Dillingham v. State*, 5 Ohio St. 282; *Commonwealth v. Drew*, 19 Pick. 185.

II.   The indictment no where charges that Gaines believed the representations made by defendant, and it is therefore bad.   *State v. Green*, 7 Wis. 676; *Commonwealth v. Strain*, 10 Met. 521; *State v. Bonnell*, 57 Mo. 395; Wharton's Am. Crim. Law, § 2128.

NORTON, J.—Defendant was indicted at the November term, 1873, of the Chariton county circuit court, for obtaining goods under false pretenses.   He was tried at the November term, 1874, and convicted, and, on his motion, a new trial was awarded.   He was again placed upon his trial at the November term, 1875, which resulted in his conviction, with punishment assessed to two years imprisonment in the penitentiary.   A motion to arrest the judgment, on the ground that the indictment was insufficient, was sustained by the court, and from this judgment the State has appealed to this court.

The indictment alleges in proper form that defendant made to Henry L. Gaines and James Louchein, who were partners in business, the following false representations "that he, the said Christian Vorback, was about to open a general store in the town of Dawn, in Livingston county, Missouri; that he, the said Christian Vorback, had, a short time previous thereto, met with one Samuel W. Spencer, who was the traveling salesman for the said Henry L. Gaines and James Louchein, and that Samuel had solicited his custom for said co-partnership; that he, the said Samuel Spencer, had examined into and had satisfied himself as to his, the said Christian Vorback's, solvency and ability to pay his debts, and that said Spencer had directed him, the said Vorback, to come down to Brunswick before purchasing elsewhere, and if the liquors, goods and prices therefor were not satisfactory to him, that he, the said Spencer, or the said firm of Henry L. Gaines, would pay his expenses both ways; also, that he, the said Vorback, owned a good farm and several buildings and houses in Livingston county, Missouri; that he, the said Vorback, was solvent and able to pay his debts and engagements, and that he did business and kept his bank account with a bank in the town of Chillicothe, Missouri, which he termed Dr. I. B. Bell's bank; that he had money on deposit at said bank; that he kept a bank account at said bank; that he kept a bank account at the bank known as the Chillicothe Savings Association, in Chillicothe, Missouri; that he had money on deposit at said bank, at said time, and kept money on deposit at all times at said bank."

One objection made to the indictment is, that a portion of the alleged false pretenses were made concerning some future thing the defendant was to do, viz: to open a general store in the town of Dawn. It is not urged by counsel for defendant that the other representations made by defendant, as to his being the owner of a farm in Livingston county, and other real estate, as to his having money on deposit in the banks of Chillicothe, were not

such false pretenses as came within the meaning of the statute on which the indictment was framed. A false pretense is a representation of some fact or circumstance calculated to mislead, which is not true. (2 Bishop Crim. Law, Sec. 397.)

In the case of *The State v. Evers*, 49 Mo. 542, Judge Adams speaking for the court, says : "That the essence of the crime of obtaining money or property, by false pretenses is, that the false pretense should be of a past event, or of a fact having a present existence, and not of something to happen in the future, and that the prosecutor believed the pretense was true, and that, confiding in the truth of the pretense, and by reason thereof, he parted with his money or property."

Admitting that the alleged representation, made by defendant to Gaines, that he was about to open a general store in the county, was not in legal contemplation a false pretense, because it related to some thing to be done in the future, it by no means follows that the indictment was so vitiated thereby as to render it invalid. It may be treated either as surplusage or mere inducement to other allegations, which set up and charge such pretenses as are in law false pretenses. In an indictment for obtaining goods or money under false pretenses, when several such pretenses are alleged, the proof of any one will sustain the indictment. The rule, as laid down in 2 Bish. Crim. Law, Sec. 399, is stated thus : "There need be only one false pretense, and though several such pretenses are set out in an indictment, yet if any one of them is proved, being such as truly amounts in law to a false pretense, the indictment is sustained." That the other pretenses set out in the indictment, alleged to have been made by defendant, are such false pretenses as our statute contemplates, we have no doubt.

It is, however, said that the indictment is defective in not alleging that Gaines, to whom they were made believed them to be true. We think that this is sufficiently averred,

the allegation being that "the said Gaines then and there believing the aforesaid false pretenses and representations, so made as aforesaid by said Vorback, and being deceived thereby, was induced, by reason of the false pretenses and representations, so made to deliver, &c." The allegation is made in substantial compliance with the rule as laid down in *State v. Evers, supra.*

We think the indictment was sufficient to support the judgment. Judgment reversed, and cause remanded.

REVERSED