THE STATE, *Appellant*, v. JONES.

**Pleading, Criminal**: FRAUDULENT CONVEYANCE. An indictment under Wag. Stat., sec. 52, p. 462, for making a deed to land without reciting an existing mortgage covering the same property, is bad, unless it gives a particular description of the land. It is not sufficient to designate it as "certain house and lot in Humansville, Polk county, Missouri."

*Appeal from Polk Circuit Court.*—HON. R. W. FYAN, Judge.

*J. L. Smith*, Attorney-General, for the State.

NAPTON, J.—This indictment was drawn under the 52d section of the 3d article of the statute concerning crimes and punishments. That section makes it a misdemeanor for one to make a deed for any land, or for any goods or chattels which he had previously conveyed to another, and the first deed still outstanding and in force, without reciting the first deed, provided this is done with intent to defraud. This indictment charged that Jones, at, &c., on, &c., unlawfully, willfully and fraudulently made a deed to two men, naming them, for a certain house and lot in Humansville, Polk county, Missouri, without then and there in said conveyance aforesaid, reciting a prior mortgage made by said Jones on the 8th day of May, 1875, embracing the same land, then in full force, &c. The objection to the indictment, in the circuit court was, that the number of the lot is not given, nor any other description of it, by which it might be identified, and the circuit court sustained

the objection. We think the circuit court was right. Some little certainty should surely be observed in criminal proceedings so that defendant should be fully apprised of the offense charged. He may have been a large dealer in lots in Humansville, and made several deeds on that day, and he may have made several mortgages prior to the deeds. It was quite easy for the pleader to have designated the lot. It will be observed, also, that conveyances of goods and chattels, as well as lands, are embraced in this section. Would it be enough to describe the deed merely as conveying " goods and cattels," without specifying what they were? Judgment affirmed. The other judges concur.

AFFIRMED.