THE STATE, *Plaintiff in Error,* v. DeLAY.

1. **Criminal Law:** FALSE PRETENSE. The essence of the crime of obtaining money or property by a false pretense is that the false pretense or representation should be of a past event or of a fact having a present existence.

2. ———: ———. No representation of a future event, whether in the form of a promise or not, can be a pretense within the meaning of the statute.

3. ———: ———. One who obtains signatures to a note upon the promise that it will not be used for the purpose of getting money,

The State v. DeLay.

but in the perpetration of a joke, and who afterwards obtains money upon it, is not guilty of obtaining money under false pretenses, within the meaning of the statute.

4. **Pleading, Criminal**: FALSE PRETENSES : INDICTMENT. In an indictment, under Revised Statutes, section 1335, for obtaining property under false pretenses, the pretenses by means of which the property was obtained must be falsified by distinct and specific averments.

*Error to Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*B. G. Boone*, Attorney General, for the state.

The indictment is drawn upon section 1335, Revised Statutes. It charges the obtaining of the signatures of certain parties to a promissory note through the false and fraudulent representations of DeLay, the defendant, with intent to cheat and defraud ; and that the parties whose signatures were obtained were induced, by reason of the false and fraudulent representations of defendant, DeLay, to place their names upon the said note. The indictment sets forth in detail the false representations and pretenses made by the defendant to the parties named in the indictment, in order to procure their signatures ; and while it is not specifically averred that the defendant knew these representations to be false, the very nature of the transaction, as is shown from the statement in the indictment, precluded the necessity of this averment ; and while it is not averred that the persons to whom the false pretenses were made, believed the same, and being deceived thereby, put their names to the note, an equivalent and equally strong averment is made in this particular : "That the parties (as named in the indictment) were induced, by the said false and fraudulent misrepresentations of the said Charles S. DeLay to sign said promissory note." This

is sufficient to render the indictment good under section 1335, *supra*.

*Marshall Arnold* for defendant in error.

BRACE, J.—The indictment in this case, drawn upon section 1335, Revised Statutes, omitting the formal part, is as follows :

"That Charles S. DeLay, on the second day of January, 1885, at the county of Scott and state of Missouri, feloniously and designedly, with intent to cheat and defraud one B. F. Shields, Wm. A. Wetteroth, Geo. P. Wetteroth, Francis Amrhien, James W. Trimble, E. A. Randolph, Nick Darmenmuller, J. F. Ashley, J. L. Hale, G. W. Finley, George Wetteroth, Andrew Schoen, and M. Arnold, did falsely pretend to the said B. F. Shields, Francis Amrhien, E. A. Randolph, J. F. Ashley, and J. L. Hale, Wm. A. Wetteroth, and Nick Darmenmuller, that he, the said Charles S. DeLay, was making a sham promissory note for the purpose of playing a joke upon certain citizens of the town of New Hamburg, in said county ; he, the said Charles S. DeLay, did then and there falsely and fraudulently represent to the said B. F. Shields, Wm. A. Wetteroth, George P. Wetteroth, Francis Amrhien, Jas. W. Trimble, N. A. Randolph, Nick Darmenmuller, J. F. Ashley, J. L. Hale, and G. W. Finley, that certain people of the town of New Hamburg, aforesaid, had said that the town of Oran, in said county, could not fill a note for one hundred and twenty-five dollars, and that he, ·the said Charles S. DeLay, wanted to show them that they could fill out such a note ; that he desired them to sign said note in jest, and not for the purpose of obtaining any money upon it ; that the execution of such note was only a jest and a hoax for the purpose of pastime and amusement ; that, by said false and fraudulent representations and pretenses, the said Charles S. DeLay obtained the signatures of the parties aforesaid to a certain

promissory note of the purport following, that is to say :

" ' $125.00. January 2, 1885.

" ' Twelve months after date we promise to pay to the order of Vincent Heisserer, one hundred and twenty-five dollars, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent. per annum, and if the interest be not paid annually to become as principal, and .bear same rate of interest ; due January 2, 1886. [Signed.] Chas. S. DeLay, B. F. Shields, Wm. A. Wetteroth, George P. Wetteroth, Francis Amrhien, Jas. W. Trimble, E. C. Randolph, Nick Darmenmuller, J. F. Ashley, J. L. Hale, G. W. Finley, George Wetteroth, Andrew Schoen and M. Arnold'; that the said B. F. Shields, Wm. A. Wetteroth, George P. Wetteroth, Francis Amrhien, E. C. Randolph, J. F. Ashley, J. L. Hale, Nick Darmenmuller, were induced by the said false and fraudulent representations and pretenses of the said Charles S. DeLay, to sign said promissory note, and that said Charles S. DeLay afterwards, to-wit, on the —— day of ——, 1885, obtained by reason of said promissory note, so, as aforesaid, fraudulently and corruptly obtained the sum of one hundred and twenty-five dollars of one Vincent Heisserer, then and there and thereby unlawfully, feloniously, and designedly, by means of the false and fraudulent misrepresentations, aforesaid, to cheat and defraud, against the peace and dignity of the state."

On motion of the defendant the indictment was quashed, and the case is brought here by the state on the writ of error. The indictment, although somewhat vague and indefinite in substance and effect, charges the defendant with having obtained the signatures of the parties to the promissory note, set out in the indictment, by falsely pretending that said note was to be used for the purpose of playing a joke upon certain citizens of

New Hamburg, and not for the purpose of obtaining any money upon it, and that the defendant, after thus obtaining the signatures, did use said promissory note for the purpose of obtaining money on it. The sole inducement held out to the parties to sign the note was, that it should not be used by defendant as a genuine note, but as a mere sham and pretense; this was a false pretense, according to the charge in the indictment, but its falsity consisted in the use to be made of the note after the signatures were obtained; the defendant was guilty of a gross breach of confidence, but not of a criminal false pretense, within the meaning of the statute.

The word, "pretense," when used in a criminal statute, is to be understood in its legal and technical sense, it having a well-defined, as well as a peculiar and appropriate meaning in law. R. S., 1879, sec. 3126. Its definition is thus given by Mr. Bishop : "A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adopted to induce the person to whom it is made to part with something of value." 2 Bishop Crim. Law, sec. 415. "A promise is not a pretense." *Ib.*, sec. 419. "And both in the nature of things and in actual adjudication, the doctrine is that no representation of a future event, whether in the form of a promise or not, can be a pretense within the statute, for it must relate either to the past or present." *Ib.*, sec. 420. And this court has defined the offence charged in the following language : "The essence of the crime of obtaining money or property by false pretense is, that the false pretense should be of a past event, or of a fact having a present existence." *State v. Evers*, 49 Mo. 542 ; *State v. Vorback*, 66 Mo. 168 ; *Stocking v. Howard*, 73 Mo. 25. If the indictment had contained the ordinary and proper averment that the parties whose signatures were obtained believed, relied upon, or confided in the truth of the false representation in connection with the word induced as used

in the indictment, it would have become at once apparent that reliance was, and could only have been, placed in the representation by defendant of the future use he intended to make of the note, as that was the only representation adopted to induce them to part with their signatures upon which they could have relied.    The indictment was otherwise faulty, in that it failed, by special and distinct averment, to falsify the pretenses charged.    *State v. Peacock*, 31 Mo. 413.

There was no error in quashing the indictment, and the judgment of the circuit court is affirmed.    All concur.