THE STATE OF MISSOURI, Respondent, v. WILLIAM
TULL, Appellant.

**Kansas City Court of Appeals, December 1, 1890**

1. **Criminal Law:** FALSE PRETENSE: INDICTMENT FOR OBTAINING
   BOARD. A false pretense in order to be criminal must relate to an
   existing or past fact and not to the future; and an indictment for
   obtaining board by false pretense, which shows that the false rep-
   resentation, statement or pretense related to something in the
   future, is bad.

2. ——: ——: ——: EVIDENCE. In order to a proper convic-
   tion under the statute the defendant must have obtained the board
   by means of false pretense, and the party defrauded must have
   permitted him to obtain it, on the faith of and in reliance upon
   the truth of the false statement; and where the evidence shows
   that, about the time defendant was about to leave, he made the
   false promise, substantially all the board having already been
   obtained, it fails to make out a cause.

*Appeal from the Cole Circuit Court.* — HON. E. L.
EDWARDS, Judge.

REVERSED.

*J. W. Sebree* and *Hale & Sons,* for appellant.

(1) The indictment in this case does not state an
offense under the act of March, 1885, page 149. We
insist that this law should be construed just as section
1335, Revised Statutes of 1879, has always been con-
strued in this state. That is, that the false representa-
tion or pretense must relate to a past event or a fact
having a present existence. It should be charged also
and proven that the prosecutor believed the pretense
to be true, and that he parted with his property on
the faith of the pretense or representation. *State v.
Edwards,* 49 Mo. 542 ; *State v. Brownell,* 46 Mo. 395.

The indictment should allege that defendant knew his representations that he would pay were untrue. *State v. Bradley*, 68 Mo. 140 ; *State v. Peacock*, 31 Mo. 413. (2) The facts in this case clearly negative any fraud in the contract under which Tull obtained his board. He had a position as clerk in the general assembly as represented. He began boarding there, as appears from the evidence, January 9, 1889, and remained at the house until near the end of the session in May. It does not appear that he made any new contract after the first one. The testimony only shows that after he quit boarding at the hotel he owed a balance of fifty-four dollars and promised to pay same when he drew his pay. The testimony does not show that he obtained any board or refreshments after he made this statement to the landlord.

*William S. Davison*, for respondent.

The indictment follows the language of the statute. This is sufficient. Not necessary to cite authorities to sustain this position. The indictment is good after verdict. It sufficiently apprises the defendant of the crime charged against him. Statute of joefails, R. S. 1889, sec. 4115 ; *State v. O'Gorman*, 68 Mo. 179. This case is exactly in point. *State v. Duepe*, 68 Mo. 208, 260.

ELLISON, J.—The defendant was indicted, tried and found guilty under the act of 1885, page 149, for obtaining board and lodging at a hotel in Jefferson City by means of a trick, deception, false statement and pretense. The indictment is as follows :

"The grand jurors, etc., upon their oaths, present that William M. Tull, etc., did unlawfully obtain board and lodging in the Monroe House, a hotel and boarding house in the city of Jefferson, county and state aforesaid, kept by one William W. Wagner, by means of a trick, deception, false and fraudulent representation,

statement and pretense, in this : That he represented to said Wagner and his clerk, Christopher Miller, that as soon as he drew his money as clerk in the general assembly of the state of Missouri he would immediately pay for his board and lodging ; that he did draw his said pay, and, instead of complying with his representation and statement, he immediately left the City of Jefferson and said hotel and boarding house, without paying for his said board and lodging, and still fails and refuses to pay therefor, with intent to defraud and cheat the said William W. Wagner, the keeper of said hotel and boarding house,—contrary to the form of statute in such cases made and provided, and against the peace and dignity of the state."

The section of the statute under which the case is prosecuted is as follows : "Every person who shall obtain board or lodging in any hotel or boarding house by means of any trick or deception, or false or fraudulent representation, or statement, or pretense, and shall fail or refuse to pay therefor, shall be held to have obtained the same with the intent to cheat and defraud such hotel or boarding-house keeper, and shall be deemed guilty of a misdemeanor," etc.

It is a familiar principle of criminal law that, to be guilty of what is known as a false pretense, the pretense must relate to an existing or past fact, and not to the future.     2 Bish. Crim. Law, sec. 415 ; *State v. Evers,* 49 Mo. 542.     A promise to do something in the future has never been considered a false pretense.    2 Bish. Crim. Law, secs. 419, 420.     The statute upon which this indictment is founded cannot be distinguished in this respect from the sections relating to false pretenses, cheats, devices, etc.     It simply places obtaining board in the same category with other things obtained by false pretenses.     The matter charged here was a false representation, or statement, or pretense, made by defendant, that in the future, viz., when he drew his

pay as clerk in the general assembly, he would pay his board. The indictment does not aver, nor is it pretended, that defendant made any representation as to any existing matter which was false. He was, at the time, a clerk in the general assembly, and his promise, representation, statement or pretense, that he would pay his board when he should, in the future, draw his money as clerk, was no more than if he had promised "to pay as soon as he should get the money." Every one who boards at a hotel or boarding house directly or indirectly promises to pay his board, and yet it would scarcely be thought such promise, though false, would subject the promisor to a criminal prosecution. I am satisfied the indictment fails to state an offense under the statute.

Again, the defendant should have been acquitted on the testimony. It is shown that he "obtained" his board without any statement of the matter charged in the indictment. He began to board at the Monroe House in the first part of January, and made the statement or representation alleged just before the close of the session, which was in May, and a short while before he left Jefferson City. In order to a proper conviction under the statute, the defendant must have obtained the board by means of the false pretense, and the party defrauded must have permitted him to obtain it on the faith of, and in reliance upon the truth of, the false representation, statement or pretense. The true interpretation of the testimony is that, at about the time defendant was to leave the hotel, be made the false promise, substantially all the board having already been obtained.

The judgment should be reversed, and defendant discharged. All concur.