# THE STATE v. KINGSLEY, *Appellant.*

### DIVISION TWO.

1. **False Representation, Obtaining Board by Means of:** CONSTITUTIONALITY OF ACT. Section 1 of the Act of 1891 (Laws, 1891, p. 159) providing that every person who shall obtain board or lodging by means of any trick or deception, false or fraudulent representation, and shall fail or refuse to pay therefor, shall be held to have obtained the same with intent to cheat and defraud, and shall be deemed guilty of a misdemeanor, is not in conflict with section 22 of article 2 of the constitution of Missouri, upon the ground that it denies to the accused a trial by jury.

2. ———— : ————. Under the act, it is left to the triers of fact to determine whether the board was obtained by means of false and fraudulent representations and not paid for, and the legislature had the power to declare these facts, when proved, to constitute evidence of an intent to cheat and defraud.

3. ———— : CONSTITUTION : TITLE OF STATUTE. The act of 1891 (Laws, 1891, p. 159), entitled " An act to protect hotel and innkeepers," is not unconstitutional because the subject of the act is not clearly expressed in the title.

4. ———— : ————. Said act is uniform in its application, operating upon all alike who come within its provisions and is not unconstitutional because it prescribes a different rule of evidence and a different punishment from that established for a like offense when committed against persons other than hotel or innkeepers.

5. ———— : PRACTICE. The same rules of interpretation must be applied in a prosecution for obtaining board by means of false pretenses under section 1, Laws, 1891, page 159, as are applied to section 3564, Revised Statutes, 1889, defining the crime of obtaining money or property by false pretenses.

6. ———— : ————. In a prosecution for obtaining board by false pretenses, such pretenses or representations must be shown to have been of a past event or existing fact, and the board must have been obtained by means of them.

7. ———— : ————. The evidence in this case *held* insufficient to support a conviction.

*Appeal from St. Louis Court of Criminal Correction.*
HON. JAS. R. CLAIBORNE, Judge.

REVERSED.

*Adams & Rowland* and *E. W. Bannister* for appellant.

The act of the legislature under which defendant was prosecuted is unconstitutional and void. *First.* Because it is in conflict with section 22 of article 2, constitution of Missouri, and denies defendant a trial by jury as contemplated by said section. Potter's Dwarris, pp. 437, 469 ; *Wynehamer v. People,* 13 N. Y. 378 ; 2 Story on Const. [4 Ed.] sec. 1943. The legislature has no power to pass any act by which the defendant could be deprived of her liberty without a trial, according to the course of the common law, of every element of the offense charged. At common law intent was an essential element of crime. 3 Greenl. Ev., sec. 13. The legislature could not declare what is conclusive evidence of a fact, and thus dispense with the submission of such question to the jury. *Wantlan v. White,* 19 Ind. 470 ; *Railroad v. Payne,* 33 Ark. 816. In criminal cases, the legislature cannot even prescribe what shall be *prima facie* evidence of a crime or misdemeanor ;· the utmost it can do is to prescribe rules for the admission of evidence, leaving the jury to determine its value and weight. Cooley's Con. Lim., p. 207. *Second.* The act is unconstitutional, because it denies the defendant equal protection of the law. Section 3564 provides a penalty for obtaining money, goods or other valuable thing by false pretenses. By this section the intent with which the act is committed is distinctly made an element of the offense to be submitted to the jury. The act under which defendant was prosecuted attempts to dispense with the question of intent. The act entitled·

an act to protect "hotel and innkeepers" also discriminates against persons obtaining board and lodging at a hotel or boarding house under certain circumstances, and makes the rules of evidence of the offense of obtaining such board or lodging by false pretenses much less stringent than in any other cases. *Third.* The subject of the act is not clearly expressed in its title inasmuch as the title of the act is "An act to protect hotel and innkeepers," whereas the purpose of the act as declared therein is to protect hotel and boarding-house keepers. A boarding house is distinctly different from a hotel or inn. *Fourth.* The evidence was wholly insufficient to support a conviction.

*John M. Wood,* Attorney General, *Bernard Dierkes,* Prosecuting Attorney, and *Thomas B. Harvey* for the State.

(1) The evidence was entirely sufficient to justify the verdict. The testimony introduced by the state under the rulings of the court made out a very clear case of imposition and deception resorted to by the appellant to obtain the board and lodging in question ; and, where there is substantial evidence, the appellate court will not interfere with the verdict. *State v. Gee,* 85 Mo. 647 ; *State v. Hurt,* 89 Mo. 590 ; *State v. Hicks,* 92 Mo. 431. (2) The act is not unconstitutional, because the subject is not clearly expressed in the title. Nor is it unconstitutional because it denies to defendant the equal protection of the law, or because it attempts to declare what shall amount to proof of criminal intent.

THOMAS, J.—Defendant was sentenced by the St. Louis court of criminal correction to ten days' imprisonment in the jail of the city of St. Louis, for obtaining board at the Southern Hotel in that city by means of a trick, etc., and failing to pay for the same. A constitutional question was raised, and, hence, defendant

brings her case to this court, instead of the St. Louis court of appeals for review.

I.  The contention is that the act of the last general assembly ( Sess. Acts, 1891, p. 159 ), entitled " An act to protect hotel and innkeepers," is unconstitutional: "*First.*  Because it is in conflict with section 22 of article 2, constitution of Missouri, and denies defendant a trial by jury as contemplated by said section.  *Second.* Because said act denies to defendant an impartial trial, in this, that it prescribes for the offense named therein a different rule of evidence and a different punishment from that established for a like offense when committed against any other person than a hotel or innkeeper. *Third.*  Because the subject of the act is not clearly expressed in its title."

The first section of the act under which this prosecution is had is as follows:  "Every person who shall obtain board or lodging in any hotel or boarding house by means of any trick or deception, or false or fraudulent representation, or statement or pretense, and shall fail or refuse to pay therefor, shall be held to have obtained the same with the intent to cheat and defraud such hotel or boarding-house keeper, and shall be deemed guilty of a misdemeanor."

We do not think this act denies the accused the right of trial by jury of any fact constituting an essential element of the crime denounced by it.  The crime consists in obtaining board or lodging by a trick, etc., and failing to pay therefor.  It must be left to the triers of the fact whether the board was so obtained and not paid for.  These facts, when proved, are declared by this act to be evidence of an intent to cheat and defraud. And this the legislature had the power to do.  *Com. v. Williams*, 6 Gray, 1 ; *State v. Hurley*, 54 Me. 562 ; *State v. Day*, 37 Me. 244 ; Bish. Stat. Cr., sec. 1050 ; Whar. Cr. Ev. [ 9 Ed.] sec. 715 ; 26 Alb. Law Journ. 63, and cases cited.

The State v. Kingsley.

It may be conceded that the legislature has no power to create artificial presumptions of guilt, but the act in question does not do this nor attempt to do it. No affirmative right of the citizen is denied or taken away. It is morally wrong to obtain board "by means of a trick or deception or false or fraudulent representation or statement or pretense," and, hence, it is competent for the law-making power to declare it a crime, and provide for its punishment. *State v. Burgdoerfer*, 107 Mo. 1. A presumption of an intent to cheat and defraud arising from the fact that board is obtained by means of a trick, etc., is not an artificial but a probable and reasonable one, and the authorities above cited are to the effect that such a presumption may be declared by statute.

II. The second contention is that the title does not clearly express the subject of the act in question. We do not think this point well taken. *State v. Burgdoerfer*, *supra*.

III. It is urged that the act is unconstitutional, because it discriminates against persons obtaining board or lodging at a hotel or boarding house and makes the rules of evidence of this offense much less stringent than in other cases of false pretenses. This position is not tenable. This act is uniform in its application, operating upon all alike who come within its provisions. *Burgdoerfer case, supra.*

IV. The trial court ought to have directed the jury to acquit defendant on the evidence, which shows that she registered at the Southern Hotel, July 29, 1891, and was assigned to a room. On July 31, she sent for the manager of the hotel, and rented a room as a studio, stating she was an artist and inquired as to the time of payment of bills, and stated "that it would be inconvenient for her to pay at the end of a week for the reason that she expected a remittance, which would come to her at the end of two weeks, and she wanted to know if she couldn't arrange, so that she might pay at the end of two weeks." The manager assented to this,

and she asked him if the check which she was to receive would be accepted in payment for her board. He told her it would. He did not ask her, nor did she tell him, the name of the person from whom she expected the remittance. The bill for board was made out at the end of two weeks. She wrote a note saying it would be paid next day without fail; that her remittance had not come as she expected, but thought it would certainly be there that evening. The remittance did not come, and, failing to pay her board, she was, in two or three days, excluded from her room, and was not thereafter permitted to get meals at the hotel. During her stay there she had taken to her studio paint, materials and easels, worth about $30, and left a picture partly painted on canvas, which, with her trunk, were retained by those in charge of the hotel.

This is substantially the evidence as to the *corpus delicti*, and it wholly fails to prove that defendant obtained board "by means of a trick or deception or false or fraudulent representation, statement or pretense." She certainly was guilty of no trick by means of which she obtained the board. Her statement that she was an artist was true. And her statement that she expected a remittance in two weeks was not proved to be false, and, if it had been, it would have been insufficient to justify a verdict of guilty of the crime charged. We take it that, beyond question, the same rules of interpretation must be applied to the act under which defendant is prosecuted, as are applied to section 3564, Revised Statutes, 1889, which defines the crime of obtaining money or property by false pretenses. Speaking of this crime, Judge ADAMS, in *State v. Evers*, 49 Mo. 542, says: "The essence of the crime of obtaining money or property by false pretenses is that the false pretense should be of a past event, or of a fact having a present existence, and not of something to happen in the future." And this doctrine was reasserted by this court in *State v. DeLay*, 93 Mo. 98.

But not only must the false pretense or representation be of a past event or an existing fact, but the board must be obtained *by means of it.* It must be made for the purpose of obtaining the board, and the hotel or boarding-house keeper must believe it, and, in reliance on it, furnished the board.   See the *Evers* and *DeLay cases*, above cited.   We do not think it can be fairly inferred from the evidence that defendant in this case stated to the manager of the Southern Hotel that she expected a remittance, for the purpose of obtaining board.   She registered at the hotel on June 29, and without being questioned or making any statement she was assigned a room.   In this manner she obtained board in the first instance.   On June 31, she sent for the manager, and upon inquiry she was informed that bills for board were payable weekly.   She replied that she could not pay till the end of two weeks, at which time she expected a remittance.   It appears, therefore, that she got board for two days, and she could have continued there for one week, at least, without saying a word about payment of the bills.   Persons, intending to perpetrate tricks or obtain money, property or other valuable thing by means of a false pretense, do not ordinarily proceed in this way.   They usually defer their false statements till they are forced to the wall. Here defendant made the statements voluntarily.   She said she expected a remittance.   She testified she did expect it, and there was no evidence, whatever, that she did not.   But conceding that this statement was false, *i. e.*, she did not expect a remittance, still she did not obtain the board by means of it; for it is perfectly manifest from the evidence that the manager of the hotel did not rely on it when he consented to extend the time of payment of her board bill.   It is inconceivable that an ordinary business man would give credit on the faith of such a statement without inquiring who the party is who is to make the remittance, and that is what the manager of the hotel in this

case did.   Hence, all the elements of the crime charged against defendant are lacking.   Her representation, if false at all, was of a future event, and the manager of the hotel did not credit her for board on the faith of it.

This disposes of the case, and it, therefore, becomes unnecessary to discuss the other questions presented by the record, either as to the sufficiency of the information or the admission of evidence.

The judgment of the trial court will be reversed, and the defendant discharged.   All concur.