THE STATE v. PETTY, *Appellant.*

### Division Two, January 31, 1894.

**Criminal Law:** FALSE PRETENSES. Obtaining money by falsely promising to ship, to the person from whom it was obtained, some merchandise does not constitute obtaining money by false pretenses.

*Appeal from Maries Circuit Court.*—HON. D. W. SHACK-LEFORD, Judge.

REVERSED.

*J. W. Zevely* for appellant.

*R. F. Walker*, Attorney General and *Morton Jourdan*, Assistant Attorney General, for the state.

It is conceded that the indictment is insufficient. *State v. Evers*, 49 Mo. 543; *State v. DeLay*, 93 Mo. 98; *State v. Kingsley*, 108 Mo. 135.

SHERWOOD, J.—In order to constitute the crime of obtaining money or property by false pretenses, it is requisite that the false pretense should be either of a past event, or of some fact having a present existence, and it can not consist of a promise to do something or of some event to happen in the future.   *State v. Evers*, 49 Mo. 542; *State v. DeLay*, 93 Mo. 98; *State v. Kingsley*, 108 Mo. 135

Here the alleged false pretense by which defendant obtained the $10 from Meltabarger, was that he would ship Meltabarger a large quantity of goods and wares. Under the cases cited, the indictment alleges no offense; and as the evidence preserved shows that the charge in the indictment is in accordance with the facts, we reverse the judgment and discharge the defendant. All concur.