STATE OF MISSOURI, Respondent, v. I. S. WILSON, Appellant.

### St. Louis Court of Appeals, May 12, 1896.

1. **Criminal Law**: FRAUDULENT EXECUTION OF SECOND CONVEYANCE WITHOUT MENTION OF FIRST. A person, who has executed a second conveyance of land or goods without description or recital of a prior conveyance thereof made by him, is guilty of a violation of section 3569 of the Revised Statutes, if he did so with intent to defraud; it is not essential to the offense that anyone should actually have been defrauded by the second conveyance.

2. ——: ——: DESCRIPTION IN INDICTMENT. An indictment for this offense need not set forth the entire description of the land conveyed by the second deed. A description which identifies the land by its lot number is sufficient.

3. ——: ——: EFFECT OF VARIANCE. When the second deed conveys but a part of the property charged in the indictment to have been conveyed by both it and the first deed, it should be considered, in the determination of the effect of the variance, whether the part conveyed by both deeds formed a material inducement to the second, and whether the variance had any tendency to prejudice the substantial rights of the defendant.

4. ——: ——: PRESERVATION OF OBJECTION TO VENUE. An objection to the venue of a criminal proceeding can not be made by motion in arrest, when it is based on the evidence in the cause and not upon the record.

*Appeal from the Greene Criminal Court.*—HON. JAMES J. GIDEON, Judge.

AFFIRMED.

*Goad & Smith* for appellant.

(1) The indictment is insufficient in law in this: It fails to allege that any person was defrauded, or who was defrauded, or that Hensley or any other person relied on the omission in the second deed of trust, or

that either was deceived thereby. It fails to allege the date of either deed of trust, or that either deed of trust was recorded, or where recorded. It fails to describe the property conveyed by the second deed of trust, or the notes secured by the second deed of trust, or properly describe the amount of said notes. *State v. Stowe,* 33 S. W. Rep. 799; *State v. Horn,* 93 Mo. 190; *State v. McChesney,* 90 Mo. 120; *State v. Fay,* 65 Mo. 490; *State v. Hayward,* 83 Mo. 299; *State v. Vorback,* 66 Mo. 168; *Armstrong v. Winfrey,* 61 Mo. 354; *State v. Evers et al.,* 49 Mo. 542; *State v. Jones,* 68 Mo. 197; *State v. Kroeger,* 47 Mo. 530; *Keller v. State,* 51 Ind. 117; *Irvin v. State,* 32 S. W. Rep. 899; *Dillard v. State,* 19 S. W. Rep. 895. (2) There is a fatal variance in the second deed of trust alleged in the indictment and the deed of trust admitted in evidence as to the date of the deed, the description of the property thereby conveyed, and the description of the consideration and notes secured by said deed. *State v. English,* 67 Mo. 136; *State v. Owen,* 73 Mo. 440; *Downing v. The State,* 4 Mo. 572; *State v. Page & Bacon,* 19 Mo. 213; *State v. Smith,* 31 Mo. 120; *State v. Kroeger,* 47 Mo. 530; *State v. Fay,* 65 Mo. 490; *State v. Jones,* 68 Mo. 197; *State v. Chamberlain,* 75 Mo. 382; *State v. Pullens,* 81 Mo. 387; *Commonwealth v. Brown,* 15 Gray, 189; *Cameron v. The State,* 9 Tex. App. 332; *Irvin v. State,* 32 S. W. Rep. 899; 1 Greenleaf on Evidence, sections 59, 65, 69; Kelley's Criminal Law [2 Ed.], sections 185, 194, 195. (3) The court erred in refusing to instruct the jury that if Hensley did not rely on the omission of defendant to mention the first deed of trust in the second deed of trust, but made inquiries and investigation from other sources, they should find the defendant not guilty. *State v. Evers,* 49 Mo. 552; *State v. Vorback,* 66 Mo. 168.

No brief filed for respondent.

ROMBAUER, P. J.—The defendant was tried and convicted in the criminal court of Greene county, Missouri, and his punishment was assessed by the jury at a fine of $200 and three months' imprisonment in the county jail.

The indictment on which the prosecution was had is as follows:

"STATE OF MISSOURI, ⎫ ss.
  "County of Greene. ⎭

"In the Criminal Court of Greene County, March Term, 1895.

"The grand jurors of the state of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oaths present that one I. S. Wilson, late of the county and state aforesaid, on the thirtieth day of March, A. D. 1894, at the county of Webster, and state of Missouri, did make and execute and deliver to one Edgar S. Thompson (trustee), for one Winfield S. Thompson (beneficiary), in a certain deed of trust, in writing, under his hand and seal, by which he sold, conveyed to him, the said Edgar S. Thompson, in trust for him, the said Winfield S. Thompson, for the consideration of one hundred and twenty dollars and to secure the payment of said $120, the following real estate, situate in the county of Wright, in the town of Cedar Gap, and state of Missouri, described as follows, to wit: Lot one (1) in block 'E,' and lot four (4) in block 'F,' and that afterward, to wit: August 21, 1894, in the county of Greene, state of Missouri, the said I. S. Wilson did then and there unlawfully and fraudulently make, execute, and deliver to one Charles J. Wright, trustee for Emma Hensley, who was beneficiary in said deed

State v. Wilson.

of trust, and who was then and there a person other than the said Edgar S. Thompson, his certain deed in writing to wit:  A deed of trust, under his hand and seal, for the conveyance to him, Charles J. Wright, trustee as aforesaid for her, the said Emma Hensley, beneficiary of the real estate above described as aforesaid, for the consideration of $525 and to secure the payment of said sum of money, the said first mentioned deed being then and there outstanding and in full force as such deed of conveyance, and the said I. S. Wilson did not in said second deed and last deed, so made as aforesaid, recite nor describe said former and first mentioned deed nor the substance thereof, with intent then and there to cheat and defraud, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the state.

"A. H. WEAR,

"Prosecuting Attorney.

"This a true bill.

"JAMES ABBOTT,

"Foreman of Grand Jury."

The defendant filed a motion to quash this indictment, for the reason that it did not state facts sufficient to constitute an offense.   After verdict the defendant filed his motion in arrest of judgment on the grounds, among others, that the indictment is insufficient in law, and that it does not charge any offense against the defendant because it fails to state that Emma Hensley relied on the representations of the deed, and that she had no knowledge of a prior deed, and fails to state that anyone was defrauded, or what person was defrauded; also that the property secondly conveyed was insufficiently described in the information, and that the court had no jurisdiction of the offense. These motions were overruled, and the defendant on this appeal assigns the overruling of them as error.

Section 3569 of the Revised Statutes, under which this indictment is framed, is as follows: "Every person who shall make, execute, or deliver any deed or writing for the conveyance or assurance of any lands, tenements, or hereditaments, goods or chattels, which he had previously by deed or writing sold, conveyed, mortgaged, or assured, or covenanted to convey or assure, to any other person, such first deed being outstanding and in force, and shall not in such second deed or writing recite or describe such former deed or writing, or the substance thereof, with intent to defraud, and every person who shall knowingly take or receive such second deed or writing shall, on conviction, be adjudged guilty of a misdemeanor."

The gist of the offense under this section is that the second instrument should be made, executed or delivered, *with intent to defraud,* and not that someone should have been actually defrauded thereby. In that respect the offense is essentially distinct from obtaining property under false pretenses, or by means of fraudulent representations, where the fraudulent representations and obtaining of property thereby concurrently constitute the offense. The numerous cases cited by the defendant as to the proper construction of statutes of the latter class have no application. The case of *Armstrong v. Winfrey,* 61 Mo. 354, was a civil proceeding. In that case WAGNER, J., commenting incidentally on the statute, said: "The simple making of a second deed, whilst a former one is outstanding and in force, without reciting the same, does not constitute the offense, *if there is no intention to defraud, and the deed does not have that effect.*" The defendant's counsel contends that the italicized portion of this sentence means that there must be both an intention to defraud and an actual defrauding to constitute an offense under the statute. The sentence does admit of

that construction, but subsequent parts of the opinion clearly show that it was meant to express the idea that, when there is *neither* an intention to defraud nor any one defrauded, the statute can have no application. The correctness of that proposition is too plain for argument.

Nor is the objection tenable that the property conveyed in the second deed is not sufficiently described. There was no necessity of reciting the entire description. The phrase, "the real estate above described," could have no reference to any other property than the one fully described in preceding parts of the indictment, as no other property was above described. In *State v. Jones*, 68 Mo. 197, the indictment charged that the defendant had conveyed "a certain house and lot in Humansville, Polk county, Missouri." The number of the lot was not given, nor any other description of it by which it might be identified, and the court very properly held that the description in the indictment was wholly insufficient.

The question touching the jurisdiction of the court and the proper venue of the offense arises upon the evidence and not on the record, and hence should have been raised by motion for new trial, and can not be raised by motion in arrest, as was attempted to be done in this case. We can say, however, that there was evidence tending to show that the second deed was made and conditionally delivered in Greene county, although its final delivery was to take place in Wright county. The circuit court of Greene county, therefore, did have jurisdiction of the offense.

The next error complained of is that there was a fatal variance between the indictment and proof, and that the court erred in not sustaining the defendant's objection to the deed of trust made by the defendant

Vol. 66 app—35

to Emma Hensley's trustee, when the same was offered in evidence. The indictment described the property as lot 1 in block E, and lot 4 in block F. The second deed of trust which was offered in evidence, and which was the foundation of this prosecution, covered lot 1 in block E, and lot 3 in block F. The defendant objected to this deed as a fatal variance, but the court overruled the objection and the defendant excepted and still excepts. The deed is not set out in full in the record, but is sufficiently described by the offer and the recorder's evidence to warrant us in assuming that the two deeds covered the same property *in part only*.

In cases of forgery it is well settled that any variance between the instrument mentioned in the charge and the instrument offered in evidence to substantiate the charge is fatal (*State v. Fay*, 65 Mo. 490; *Irwin v. State*, 32 S. W. Rep. 899); but, where, in cases of obtaining property under false pretenses, several pretenses are alleged, proof of one of the pretenses is held sufficient. *State v. Vorback*, 66 Mo. 168; 2 Bishop Crim. Proc., sec. 171. We think, that, in determining whether a variance in the exact description of the property is fatal under the statute now under consideration, where part of the property covered by the first deed is accurately described in the second deed, the question is of importance, and should be considered, whether such variance had any tendency to prejudice the defendant's substantial rights, and whether the property *described in both deeds* formed a material inducement to the second transaction.

In the case at bar it appears that lot 1 in block E, which is correctly described in both deeds, was the main inducement to the second transaction, because that lot was improved by the erection of a small hotel thereon. It furthermore appears that the defendant could have been in no way misled by the variance to

his prejudice, because he testified in his own behalf that he did inform Hensley that the property he conveyed to his wife was covered by a prior deed of trust. In fact the question, whether such information was given or not, formed the main subject of contention at the trial. It is evident that, if the defendant's testimony is true, and he informed Hensley of the prior outstanding unrecorded incumbrance, and Hensley told him he would trade provided that the mortgage was not recorded yet, and then the records were examined for the purpose of ascertaining whether the mortgage was recorded or not, then both parties to the transaction attempted a fraud on the prior mortgagee, and the second deed was executed with that fraudulent intent. The mere fact that the parties misconceived the law, and that the fraud would have been without effect on the first mortgagee's rights, would not make the intent less criminal. Under the circumstances we must hold that the variance was not a fatal variance as part of the property was accurately described in both of the deeds.

We have carefully examined the instructions of the court, and find that they are very fair to the defendant and place his version of the transaction fully before the jury. Outside of an instruction in the nature of a demurrer to the evidence, the court only refused one instruction asked by the defendant. By this instruction the defendant requested the court to charge the jury, in substance, "that, if Hensley did not rely on the omission of defendant to mention the first deed of trust in the second deed of trust, but made inquiries and investigation from other sources, they should find the defendant not guilty." The vice of the instruction is that neither the letter nor the spirit of the statute warrant the limitation contained in it. It was formerly held that a fraudulent pretense must not be an obvious

pretense, but the modern and better rule is that a pretense is sufficient although it would not have deceived a person of ordinary prudence. We are not aware that, even as to fraudulent pretenses, the person defrauded must have relied *exclusively* on the pretense. The court in other instructions given for the defendant had told the jury that, if Hensley had any information whatever of the existence of the first deed of trust when he took the second, they must find the defendant not guilty, and that certainly was carrying the law to the utmost limit in his favor.

The statute in question is one that should receive a fair construction, and its provisions should not be frittered away. The community has rights, as well as the offender against its laws. All the judges concurring, the judgment is affirmed.