**STATE of Missouri, Respondent,**

v.

**H. Lee SAVERAID, Appellant.**

**No. 29966.**

Missouri Court of Appeals,
Western District.

June 11, 1979.

Jerold L. Drake, Stephens & Drake, Grant City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

A jury in the Mercer County Circuit Court (on change of venue from Harrison County) found H. Lee Saveraid guilty of stealing more than $50 by deceit. § 560.-156, RSMo 1969. His punishment was fixed at 45 days' imprisonment in the county jail. He appeals from the ensuing judgment and sentence.

The question presented is whether or not, prior to The Criminal Code, a promise to pay for goods, made with intention not to perform, will support a conviction for stealing by deceit.

At around noon on November 16, 1976, H. Lee Saveraid went to the elevator of the Consumers Oil Company at Ridgeway, Missouri. He inquired about buying some corn, saying that he had some hogs to feed out on a farm east of Cainsville and would probably need two wagon loads and possibly two and one-half loads. A farm wagon which appellant was pulling with a pickup truck was loaded with 191.78 bushels of corn. The agreed upon price was $2.14 per bushel, which amounted to $410.40. After the corn was loaded and weighed, Gordon E. Grant, a retail field man for Consumers Oil Company, started to make out a ticket for the corn that had been loaded on appellant's wagon. However, appellant said that he would take that load of corn to his farm and come back later that same day for another load and that he would pay cash for the corn when he came back. Appellant left with the corn and failed to reappear at the Ridgeway facility either later that day or at any other time. Gordon E. Grant testified that the reason he permitted appellant to drive off with the load of corn was because appellant had told him that he would be back that same day to pay cash and settle up for the corn he had taken and would take. Appellant testified that, after leaving the elevator of the Consumers Oil

Company, he took the load of corn to his farm in Coffey, Missouri, rather than to his Cainsville farm. Appellant did not pay for the corn until November 14, 1977, the day before his trial, and at that time he paid for it at the company's Maryville, Missouri, office.

On May 19, 1977, the prosecuting attorney of Harrison County, Missouri, filed an information against appellant, charging stealing by deceit.

Testifying in his own behalf, appellant admitted the transaction as shown by the state's evidence, but denied that he intended to steal the corn and said that he intended to pay for it. His explanation for his failure to pay was that he had "all kinds of money problems."

Appellant contends that his motion for judgment of acquittal should have been sustained "because a false promise to do something in the future will not support a conviction for stealing in violation of Section 560.156."

The state concedes that previously decided cases in this jurisdiction are in accord with appellant's contention. *State v. Petty*, 119 Mo. 425, 24 S.W. 1010 (1894), is a concise holding, as follows:

"In order to constitute the crime of obtaining money or property by false pretenses, it is requisite that the false pretense should be either of a past event or of some fact having a present existence; and it can not consist of a promise to do something, or of some event to happen in the future. *State v. Evers*, 49 Mo. 542; *State v. DeLay*, 93 Mo. 98, 5 S.W. 607; *State v. Kingsley*, 108 Mo. 135, 18 S.W. 994.

"Here the alleged false pretense by which defendant obtained the $10 from Meltabarger, was that he would ship Meltabarger a large quantity of goods and wares. Under the cases cited, the indictment alleges no offense, and as the evidence preserved shows that the charge in the indictment is in accordance with the facts, we reverse the judgment, and discharge the defendant."

See also *State v. Young*, 266 Mo. 723, 183 S.W. 305, 308 (1916); *State v. Ruwwe*, 242

S.W. 936, 937[1] (Mo.1922); *State v. Weber*, 298 S.W.2d 403, 406 (Mo.1957).

These cases did arise under the former statute relating to obtaining money under false pretenses (§ 561.370, RSMo 1949), repealed upon the adoption of Section 560.156, RSMo 1969, which includes stealing by deceit (Laws of Mo.1955, p. 505, § A), the statutory basis for the charge in this case.

The state argues that Section 560.156 "was designed to do away with the technical distinctions in the law as related to the crimes of false pretenses, larceny and embezzlement." See *State v. White*, 431 S.W.2d 182, 184[1–3] (Mo.1968). The state contends that such purpose of the statute will be furthered by holding that a promise made with an intent not to perform is a misrepresentation of an existing state of mind and therefore is sufficient to support a conviction of stealing by deceit.

The "technical distinctions" which Section 560.156 was designed to eliminate related primarily to the distinctions between the various offenses which permitted the " * * * familiar argument of wrong-doers when they are charged with embezzlement that they are guilty of larceny, or when accused of false pretenses that they should have been accused of embezzlement." *State v. Houchins*, 46 S.W.2d 891, 894[4] (Mo.1932). See also *State v. Gould*, 329 Mo. 828, 46 S.W.2d 886, 889[2, 3] (1932). The statute has been held not to have intended the elimination of basic elements of the offense of larceny. *State v. Eye*, 415 S.W.2d 729, 730–731[2, 3] (1967). By the same token, there is nothing in the language of Section 560.156 to indicate that the legislature intended to include therein actions which theretofore did not entail criminal liability.

Whether or not this conclusion is in accord with the "better view," as the state asserts its position to be (See *People v. Ashley*, 42 Cal.2d 246, 267 P.2d 271, 281–283) (1954), the matter has been resolved by the General Assembly insofar as acts committed from January 1, 1979 are concerned by the revised criminal code which defines the term "Deceit" as used in stealing by

that means as follows: " * * * [P]urposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind * * *." § 570.-010(7) The Criminal Code, Laws of Mo.1977, pp. 658, 695–696.

The appellant's motion for a directed verdict of acquittal should have been sustained by the trial court.

Judgment reversed.

All concur.