THE STATE, Appellant, v. PEACOCK, Respondent.

1. In an indictment under the statute (R. C. 1855, p. 582, § 51,) the false pretences by means of which the property was obtained must be falsified by distinct and specific averments, as in an assignment of perjury.

*Appeal from Cedar Circuit Court.*

*Knott,* (attorney general,) for the State.

*Johnson & Ballou,* for respondent.

I. The first count in the indictment is insufficient. The acts made indictable in the statute does not make criminal the acts charged in the first count of the indictment as alleged. The thing obtained is a deed or title to forty acres of land, which is neither money, personal property, a right in action, or other valuable thing or effects, within the meaning of that section; nor is the deed a valuable thing itself: the land it conveys may be, but not the deed. It is not averred in the indictment to whom the deed was made; it is not charged that the deed was executed by Scott or by whom, to show it was of any value. Nor is a false representation in the description of land or its location such a false pretence as is made criminal under the section alluded to; nor are the representations alledged to have been made by the defendant, particularly and specifically alleged to be false; nor is it alleged, nor does it appear that although the representations were untrue, that Scott or any other person was defrauded, or likely to be, to any amount, except as to the value of the land per acre.

II. The second count is also insufficient in this, that it is not averred that for and in consideration of a trade for the land of the defendant in Iowa, Scott assigned defendant a certain bond which is set out. The supposed bond is not a bond, as it is not said in it to be valid. It is not alleged to be of any value, nor is it averred to have beeen executed by any person, or that anybody was bound thereby. The indictment

27—VOL. XXXI.

State v. Peacock.

merely recites the supposed bond, which, for aught that appears in the indictment, was wholly fictitious, and certainly it will not be contended that a person should be punished unless some person is injured or defrauded. The second count is otherwise insufficient and informal. The judgment ought not to be reversed.

EWING, Judge, delivered the opinion of the court.

This was an indictment under section fifty-one, (R. C. p. 582.) for obtaining by false pretences the signature of one George Scott, to an instrument of writing. There are two counts; the first, after setting out the several pretences, charges that by such false pretences, a deed of forty acres of land, lying in the county of Cedar, was obtained, and that by such false pretences the said Scott was induced to trade and barter land to the said defendant, being in said county, for lands in Iowa. There is no description of the instrument, other than by designating it in general terms as a deed, neither its date, description, or numbers of the land conveyed, names of persons executing it, (except by inference,) nor any of its contents, except as before stated, are set out or referred to in this count of the indictment. There is no averment that the prosecutor owned or had any interest in the land conveyed; nor does it appear other than by a very liberal intendment that Scott had affixed his signature to any instrument of writing whatever. For aught that appears, it may be void upon its face; may create no liability, and be apparently of no value. It may be such that it could by no possibility prejudice any one in relation to his estate. And although it may not be necessary to the offence that the party signing his name should actually suffer loss or injury, yet it does not appear from any allegation concerning the instrument that it could or might work injury to the person from whom it was obtained. Can it be said, then, that the facts constituting the offence attempted to be charged, are averred in this count? that they are set forth with as much

certainty as the nature of the case would allow ? or that, if the defendant should be again questioned for the same offence, the description of the deed is such that it could be identified by the record ?

At common law, the indictment is clearly defective. A recent statute of this state, however, copied from an English statute, (14 & 15 Vict.) has greatly relaxed the rules of pleading in respect to a certain class of indictments, (including that under consideration,) and it seems now to be sufficient to describe the instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or *fac simile* thereof, or otherwise describing the same or the value thereof. (Prac. Cr. C. art. 4, § 28.) Whether under this provision the first count would be good it is unnecessary to determine, as that indictment is clearly bad on other grounds.

The second count, after averring the several pretences, sets out *hæc verbæ*, an instrument in the usual form of an obligation to convey certain real estate therein described, purporting to be executed by one Starnes to Willis ; assigned by Willis to Scott, by Scott to the defendant, and by the latter to one Valentine. It avers that under such false, felonious and fraudulent representations of the said Peacock, he, the said Scott, was induced to assign and deliver to the said Peacock a certain bond to land, (which is set out as before stated,) and that the defendant, with a felonious intent to cheat said Scott, feloniously and disgracefully, and by the false pretences aforesaid, obtained said bond assigned as aforesaid, &c.

In both counts the false pretences are thus negatived, namely, "whereas in truth and in fact the said land was not as represented by the said Amos Peacock." In this respect, the indictment is defective. It is not sufficient to charge that the defendant falsely pretended, &c., setting forth the means used, and then to aver that by means of such false pretences he obtained the property, but such of the pretences as the pleader intends or expects to prove on the trial were

used, and were false ; he must, as in an assignment of per-
jury, falsify by specific and distinct averments.   (3 Chitty,
Cr. L. 999; People v. Stone, 9 Wend. 191; 2 M. & S. 279.)

Judgment affirmed ; Judge Napton concurring.   Judge
Scott absent.