STATE OF MISSOURI, Appellant, *v.* MARTIN C. BONNELL, Respondent.

1. *Criminal law — False pretenses, obtaining money under — Indictment for, should set out what.*—Where money or other property is obtained by sale or exchange of property effected by means of false pretenses, such sale or exchange ought to be set forth in the indictment; and the false pretenses should be alleged to have been made with a view to effect such sale or exchange; and it should be averred that by reason thereof the party was induced to buy or exchange. For failure to set out these allegations, the indictment should be quashed.

*Appeal from First District Court.*

*H. B. Johnson,* Attorney-General, for appellant.

I. The indictment distinctly and specifically avers that the defendant obtained the money from Hoover by means of the false pretenses previously recited, which is equivalent to alleging that the false pretenses were believed and acted upon by Hoover. (2 Am. Crim. Law, § 2128; People v. Miller, 2 Pars. Crim. Rep. 197; Commonwealth v. Mason, 9 Gray, 125; State v. Green, 7 Wis. 676; 2 Am. Crim. Law, § 2162.) The case of Commonwealth v. Strain, 10 Metc. 521, was a case of the sale of property and false representations in regard to the character and value of the property, and hence not in point. It was also made under a different statute.

II. The indictment charges the offense in the language of the statute, and this is sufficient.

III. Had there been a sale and delivery of the cattle it would have been necessary to set up the contract and sale with more particularity. But this is not the case where the false pretense is in regard to the ownership of property not sold or transferred. (2 Whart. Am. Crim. Law, §§ 2149–50 ; Shiff v. The People, 2 Pars. Crim. Rep. 139 ; 2 Am. Crim. Law, § 2162 ; State v. Vanderbildt, 4 Dutch, 328.)

*Doniphan, Grubb & Tutt*, for respondent.

The indictment was defective in not charging that Hoover, the prosecuting witness, was induced to part with his property by relying upon the statements of the defendant. (7 Wis. 676 ; 2 Bish. Crim. Law, 438, 440 ; 4 Barb. 151 ; Commonwealth v. Strain, 10 Metc. 321 ; Whart. Am. Crim. Law, § 2128 ; 13 Wend. 311 ; see forms and notes in Whart. Pr. & Prec., 1st ed. 262, 2d ed. 557.)

WAGNER, Judge, delivered the opinion of the court.

This was an indictment under the statute for obtaining goods under false pretenses (Wagn. Stat. 461, § 47). The cause was tried at the Buchanan Circuit Court, and the jury found the defendant guilty. A motion was made in arrest of judgment on account of the insufficiency of the indictment, and exceptions were also taken to the admission of evidence and the giving of instructions, all of which being overruled, the case was taken to the District Court, where the judgment of the Circuit Court was reversed. The indictment substantially avers that the " defendant Bonnell, devising and intending to cheat and defraud one Jacob Hoover of his goods, moneys, chattels, and property, feloniously, unlawfully, knowingly, and designedly did falsely pretend to the said Jacob Hoover that he, the said Martin C. Bonnell, was then and there the owner of and had the right to sell and could make a good title to three head of cattle, whereas, in truth and in fact, he, the said Martin C. Bonnell, was not then and there the owner of said cattle, nor had he then and there the right to sell the same, nor could he make a good title to the said cattle, nor any title whatever, as he at the time well knew ; by means of which said

false pretenses the said Bonnell did feloniously, unlawfully, knowingly, and designedly obtain from the said Hoover the sum of thirty dollars, with intent to cheat and defraud," etc.

Although, under the liberal system of criminal practice now prevailing in this State, the same strictness is not required that was formerly necessary, still the pleader must set out in the indictment a substantive offense, and on the trial the prosecution will be confined in the proof to the allegations set forth in the indictment. It will be observed that the indictment does not allege any bargain, nor any colloquium as to a bargain, for the cattle, nor is there any inducement to show by reason whereof Hoover parted with his money.

In The State v. Newell, 1 Mo. 248, it was held that an indictment was well laid which charged that "N." obtained bills by pretending he had slaves, which he sold for said bills, when, in fact, he had no slaves. In Commonwealth v. Strain, 10 Metc. 521, it was said that an indictment for obtaining money, goods, or other property, by any false pretense, with intent to defraud, must set forth all the material facts and circumstances which the prosecutor would be bound to prove in order to procure a conviction. It was accordingly decided that an indictment was insufficient if it merely stated that the defendant, intending to cheat and defraud A. of his money and property, designedly and knowingly did falsely pretend to A. that a watch, which the defendant had, was a gold watch, by means whereof the defendant did designedly and knowingly obtain from A. thirty-five dollars, with intent to cheat and defraud him of the same, whereas, in truth, the said watch was not, and the defendant knew that it was not, a gold watch. That case and the case at bar are identical in principle, and the indictments are the same in all material parts.

In Wisconsin the court declares that in order to sustain a conviction for obtaining goods under false pretenses, it must be averred in the indictment and proved on the trial that the party defrauded was induced to part with his property in consequence of the false representations. (State v. Green, 7 Wis. 676.) I think that in a case like the present, where the alleged false pre-

tenses were injurious only by inducing another person to buy the cattle as to which such false representations were made, such sale, bargain, or agreement, which was the cause of the party advancing or parting with his money, should be set out as a part of the facts relied upon, and as a material allegation in the description of the offense.

I can not better express the idea than by adopting the language of the court in Strain's case : "It seems to us that when money or other property is obtained by a sale or exchange of property effected by means of false pretenses, such sale or exchange ought to be set forth in the indictment, and that the false pretenses should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced to buy or exchange, as the case may be."

The indictment does not aver that Bonnell sold the cattle to Hoover, that he exchanged them, gave him a lien on them, or did anything else which operated as an inducement to the payment or advancement of the money. Yet some of these facts were necessary to be proved in order to sustain a conviction. The State could not make out a case in any other way, and the principal proof submitted at the trial went to show that Bonnell sold and Hoover purchased the cattle. This evidence under the indictment was wholly inadmissible.

Upon the whole case, I am clearly of the opinion that the indictment does not plainly and distinctly set forth the offense intended to be charged; that it does not contain an averment of the material facts which the State would be bound to prove before it could ask a conviction. The judgment should therefore have been arrested.

With the concurrence of the other judges, the judgment of the District Court will be affirmed.