————O————

THE STATE OF MISSOURI, Appellant, *vs.* JOSEPH FISHER, Respondent.

1. *Indictment—Altering " Dunklin County Patent," etc.*—An indictment charging defendant with feloniously altering a "Dunklin County Patent" but not describing the instrument, nor alleging wherein it was altered, held bad on motion to quash.

*Appeal from Dunklin Circuit Court.*

*M. W. Lawson,* for Appellant.

I. The indictment gives a sufficient description of the instrument alleged to be forged. (Wagn. Stat., 1091, § 28.)

II. This section of our law is taken from, and is exactly the same as, the 5th section of 14 and 15 Vict. C. 100. (Arch. Cr. Pr. & Pl., 534.)

III. The main objection raised in the court below and sustained by the court, was that the indictment does not show in what particular the alleged instrument was forged or altered. That is not necessary. See a precedent and comment thereon in Arch. Cr. Pr. & Pl., 534–535.

IV. An alteration of any material part of a written instrument is a forgery of the whole and will support an indictment for that offense. (*Ib.*, 535 ; Whart. Cr. Law, § 1421.)

SHERWOOD, Judge, delivered the opinion of the court.

An indictment charging : " That one Joseph Fisher, on the 12th day of May, A. D. 1874 at, etc., did then and there unlawfully and feloniously forge, and falsely alter a certain instrument of writing usually known as a Dunklin County Patent, which, said patent was numbered " ninety-one," and purported to be the act of Moses Farrar, president of the County Court of Dunklin County ; by which said forging and falsely altering of said patent, a right and interest in certain real property was changed and affected, and by said patent, after it was so forged and falsely altered, purported to be conveyed and transferred to one James Marshfield of St. Louis County, Missouri ; he, the said Joseph Fisher then and there, by said forging and falsely altering of said patent, intending feloniously to defraud some person or persons to these jurors unknown, contrary, etc.," was quashed on motion of defendant and our consideration will be directed to the propriety of this ruling.

It will be at once perceived that the gravamen of the offense with which the defendant is charged, consists in the felonious alteration of a " Dunklin County Patent." But the indictment leaves to conjecture what the instrument was before its alteration and also in what that alteration consisted. It is obvious that such vagueness of statement could not apprise the defendant of the accusation he must prepare to meet and repel at the trial, nor could such trial, whether resulting in acquittal or conviction, if based on allegations so insufficient and indefinite, be plead in bar of further prosecution.

17—VOL. LVIII.

And thus two of the great ends of criminal procedure which can only be attained through definiteness and certainty of statement, would, if this indictment were deemed sufficient, be defeated.

A point very similar to the one here discussed, was determined in accordance with the same view of the law as that above mentioned in the case of the State vs. Maupin decided at our last July Term, (57 Mo., 205).

Judgment affirmed; all the judges concur.