————o————

STATE OF MISSOURI, Defendant in Error, *vs.* DANIEL E. SAUNDERS, Plaintiff in Error.

1. *False pretenses—Obtaining money under indictment for—What allegations necessary.*—Where an indictment for obtaining money under false pretenses (Wagn. Stat., 461, § 47) charged that defendant falsely represented a certain account to be good and collectible, and that "he could and would assign it" to the prosecuting witness, and that by reason of said false pretenses, the latter was induced to part with the money, but the indictment nowhere averred that the defendant did in fact so sell or assign it, the pleading was held fatally defective, even assuming the account to have been a "false token or writing" within the meaning of the statute.

*Error to Cooper Circuit Court.*

*Hockaday, Att'y Gen'l,* for Defendant in Error.

The indictment was sufficient. (2 Bish. Crim. Law, §§ 178, 345; State vs. Herrick, 13 Wend. 90; Sibel vs DeGray, C. J. Couper, 683.)

*James B. Gantt*, for Plaintiff in Error.

I. The judgment should have been arrested, the indictment is bad. (Comm. vs. Strain, 10 Metc. 521; State vs. Bonnell, 46 Mo. 395; Comm. vs. Abbey Goddard, 4 Allen, 312; Comm. vs. Lannan, 1 Allen, 590; State vs. Philbrick, 31 Me. 401; People vs. Gates, 13 Wend. 311; State vs. Green, 7 Wis. 676; Dillingham vs. State, 5 Ohio St. 280; Comm. vs. Drew, 19 Pick. 179; State vs. Johnson, 11 Ind., 481, 482.)

NORTON, Judge, delivered the opinion of the court.

This case was an indictment found under the forty-seventh section of Wagn. Stat., 461 for obtaining money under color of a false token, writing and account, and false pretenses.

The cause originated in the circuit court of Pettis County, and was, by change of venue, transferred to the circuit court of Cooper County, in which court it was tried and the jury returned a verdict of guilty.

During the progress of the trial, various exceptions were taken to the admissibility of evidence, the giving and refusing of instructions, and the overruling of motions for new trial, and in arrest of judgment. The case is brought here for review by writ of error, and this court is asked to reverse the judgment on the grounds of the insufficiency of the indictment and alleged errors committed in admitting evidence and refusing and giving instructions.

The indictment alleges in substance that defendant, with intent to cheat and defraud one Sullivan of his money, did falsely pretend, by color of a certain false token, writing and account, which he held against one Marshall for the sum of $300, and the false representations made to said Sullivan, that defendant had loaned to said Marshall, who was solvent, $300, which was still due; that defendant still held said account; that it was good and collectible, and that defendant could. and would assign said account to Sullivan for $200; that Sullivan believing such representations and pretenses to be true, and confiding in them, parted with the sum of $200; that all of said representations and pre-

tenses were false; that the account was not a true, good and collectible account, as defendant knew, and that by color of said false token, writing and account, and by reason of said false pretenses, the said defendant did feloniously obtain from said Sullivan the sum of $200.

The record shows that this cause was tried on the theory that defendant sold and assigned to Sullivan for $200, an account for $300 against one Marshall, and that the account was represented to be a good, true, and collectible account, when in fact, it was false and fraudulent. On the trial the prosecuting witness Sullivan was permitted to testify that he bought the account of defendant and paid therefor two hundred dollars, and that defendant assigned and delivered the same to him.

The court also in the first instruction, which was given on behalf of the State, required the jury to find, as a pre-requisite to the conviction of defendant, that Sullivan believed that said account was good and collectible, and that said representations and pretenses were true, and that relying upon them he was deceived thereby and was induced to buy said account and pay and give to the defendant therefor the sum of $200.

It appears therefore, that both in the judgment of the trial court and the prosecutor, it was necessary for the State to prove and the jury to find that the account was purchased by Sullivan of defendant, and that payment was made therefor before the defendant could be convicted.

If these were necessary facts to be established on the trial, and we think they were, then they should have been distinctly averred in the indictment by an affirmative allegation and not by way of inference or argument.

Waiving the point raised as to whether the written account against Marshall for $300, which was assigned by defendant to Sullivan, was or was not such a false token and writing as is or was contemplated by the Wagn. Stat., 47, on which the proceeding was founded, we think the indictment is defective because it is nowhere averred in it that defendant either sold, assigned or delivered the account to Sullivan, or that Sullivan bought it and parted with his money for it, relying on the false and fraudulent.

representations of defendant. The only averment on the subject is that defendant said " he could and would assign it to Sullivan for $200." There is no averment that defendant did sell or assign it, or that Sullivan, relying on the representations made by defendant in reference thereto, purchased it and parted with his money for it.

Commonwealth vs. Goddard, (4 Allen 312) was a case for obtaining money under false pretenses in which the indictment alleged " that defendant falsely pretended to one Huston that a promissory note for $500, purporting to be signed by one Blackwell, was signed by said Blackwell, who was rich, etc.; that the note was a good and valid note; that defendant offered said note to Huston in exchange for $500, and that Huston relying on said representations was induced thereby to deliver his check to defendant for $500; that Blackwell did not sign said note, that he was not rich, and that the note was not good and valid. The indictment was held bad on motion in arrest because it failed to charge that a sale or exchange of the note was made, or that defendant delivered the note to Huston, or that he received the same.

The case of the State vs. Bonnell (46 Mo. 395) is analogous in some respects to the case before us, that being for obtaining money on the sale of cattle, this being for the sale of an account.

Judge Wagner, in writing the opinion, remarks " that in a case like the present where the alleged fraudulent pretenses were injurious only by inducing another to buy the cattle as to which such false representations were made, such sale, bargain or agreement, which was the cause of the party advancing or parting with his money, should be set out as a part of the facts relied upon, and as a material allegation in the offense. The indictment did not aver in that case that the defendant sold the cattle to Hoover, from whom he had obtained $30. Nor did it aver that he exchanged them, gave a lien upon them, or did anything else with them which operated as an inducement to the payment of the money, and for these reasons the judgment was arrested and reversed. The case at bar and the cases before quoted are identical in principle, and the indictment, failing to aver material facts necessary to be proved on the trial before a conviction could have been had, is not

sufficient to support the judgment, and it should have been arrested.

Judgment reversed. The other judges concur, except Judge Wagner who is absent.