I.
Tlie opinion of the Court was delivered by
Fenner, J.
The bill of exceptions to the Judge’s ruling in admitting the testimony of a witness taken on a preliminary examination cannot be sustained under the circumstances disclosed therein. The witness was a non-resident of the State, who only chanced to be here at the date of the preliminary examination and had never since been in the State. The accused had been confronted with him at the examination and had the opportunity of cross-examining him'. No amount of diligence on the part of the prosecution could have secured his attendance at the trial. The case falls fully under the doctrine of necessity, under which such evidence is held to be admissible. 1 Bishop Cr. Proc., Sec. 1195 ; Wharton Cr. Ev., Sec. 229.
*1220 We have ourselves had occasion to consider and apply this doctrine in a case of State vs. Stewart, recently decided at Opelousas, and not yet reported.
II.
The charge against the accused was obtaining goods by false pretenses. It is urged, on motion in arrest of judgment, that the information was fatally defective, because it does not allege any bargain or colloquium as to a bargain uuder which the goods were obtained.
Amongst the false pretenses set out in the information is this: that the accused represented “ that he then and there wanted to buy goods on credit, of the said firm of Flash, Preston & Co.,in the fair and usual honest course of trade, with intent to pay honestly for them, etc.” And this is almost immediately followed by the statement that said Flash, Preston & Co., on the faith of said pretenses, did deliver goods, etc.
We think this sets out such a colloquium as to a bargain of sale as connects the delivery of the goods therewith, and takes the case out of the authority of Strain’s case, 10 Metcalf, 521, and the other cases founded therein, quoted by defendant’s counsel, from 31st Maine, 401, and 46 Mo. 395. This case falls more properly under the authority of Com. vs. Hulbert, 12 Metcalf, 446, where the indictment, not substantially differing from the . present, was sustained. See also, People vs. Skiff, 2d Parker, (N. Y.) p. 139.
Judgment affirmed.