THE STATE v. F. M. MILLER, Appellant.

Division Two, May 19, 1908.

1. **INFORMATION: False Pretense: Exchange of Lands: Value.** The information, charging that by false pretense and representation defendant induced the prosecuting witness to exchange his city property for country lands, is not invalid because it fails to allege the value of the country tract, or because it does not allege that the country land, without the improvements falsely represented to be upon it, was not equal in value to and could not be sold for a price sufficient to cover the value of the city property.

2. ———: ———: **Proof of Any One Charge.** Where there are several alleged false representations set forth in the information, which amount in law to a false pretense, proof of any one or more of them is all that is necessary to sustain the information.

3. ———: ———: **Signature to Deed.** An information which does not allege that by false pretense defendant obtained the signature of the prosecuting witness to a deed for his property, is invalid.

Appeal from Jackson Criminal Court.—*Hon. B. J. Casteel,* Special Judge.

REVERSED AND REMANDED.

*Scott J. Miller* for appellant.

(1) The information attempts to charge false and fraudulent representations in two things: First, that the defendant had no title to the land traded to the

prosecuting witness. Second, that the farm was located within six miles of the town of Van Buren and forty acres of said land was under cultivation; that said land was near a church and public school; that said land had on it a young and growing orchard, a living well and some of it enclosed under fence; that it had on it a two-room log house, barn and outhouses. The two allegations are not sufficient, under our law, to sustain a criminal charge, and the demurrer to the evidence should have been sustained. State v. Paul, 69 Me. 215; State v. Bonnell, 46 Mo. 395; State v. Gullett, 21 Mo. 455. (2) There is no allegation in the information that the Carter county land, without the improvements alleged, was not equal in value and could not have been sold for a price sufficient to have covered the value of the Kansas City property, alleged in the information to have been worth $1200. To constitute the offenses of obtaining money or property by false pretenses, four elements must exist: First, there must be an intent to defraud; second, there must be an actual fraud committed; third, false pretenses must have been used for the purpose of purporting the fraud; fourth, the fraud must be accomplished by means of the false pretenses made use of for the purpose; they must be the cause, in whole or in part, which induced the owner to part with his property. State v. Mathews, 44 Kan. 25; Com. v. Drew, 19 Pick. 179; People v. Jordan, 66 Cal. 10, 2 Bish. Crim. Proc., par. 163; People v. Wakely, 62 Mich. 297. (3) There is no statement in the information that, by means of the false and fraudulent representations, to-wit, "that the improvements were on said land," the said Miller obtained a deed for the property of the Freemans. Real estate cannot be obtained by word of mouth, but must be obtained by a conveyance. This being true, the information is bad. State v. Clay, 100 Mo. 579; Myer v. McCabb, 73 Mo. 236. (4) And this is the only way it is to be charged in the information, and cannot be departed from the

statutory form in the information. State v. McChesney, 90 Mo. 120; State v. Horn, 93 Mo. 190; State v. Dowd, 95 Mo. 163. (5) And the information, under our statutory criminal procedure, means just what it did at common law. The Legislature cannot change it in substance as to material averments. State v. Meyer, 99 Mo. 107. (6) This charge not being in the information, instruction 1 charging that he obtained the deed, the signature and the acknowledgment is error, as in following the information. State v. Meyer, 99 Mo. 107. (7) It is not sufficient to show, in support of a personal action for fraudulent representations, that a party made statements which he did not know to be true and which were false. There must be fraud, intent to deceive, distinguished from mistakes. The *scienter* is the very gist of the action. Redpath Bros. v. Lawrence, 42 Mo. App. 101; Anstee v. Ober, 26 Mo. App. 665; Bank v. Sells, 3 Mo. App. 85; Felix v. Shirley & Co., 60 Mo. App. 621; Knootz v. Kaufmann, 31 Mo. App. 397; Arthur v. Wheeler Mfg. Co., 12 Mo. App. 335; Nauman v. Oberle, 90 Mo. 666; Tootle v. Lysaght, 65 Mo. App. 139; Hamlin v. Abell, 120 Mo. 199; Dulaney v. Rogers, 64 Mo. 201. (8) The information is drawn under section 1927, Revised Statutes 1899, and under this section it should have been charged that he did feloniously and designedly by means of said pretenses and representations obtain and receive the execution, acknowledgment and delivery of the warranty deed aforesaid. State v. Flanders, 118 Mo. 232. And nowhere in the information does such an allegation appear. It is therefore faulty.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

It is conceded that the information is insufficient, and does not charge an offense. State v. Baker, 206 Mo. 643.

BURGESS, J.—On February 27, 1905, the prosecuting attorney of Jackson county filed an information in the criminal court of Jackson county, charging the defendant with obtaining certain real estate in Kansas City, Jackson county, Missouri, by false pretenses. At the January term, 1907, of said court, the regular judge being disqualified, Hon. B. J. Casteel, judge of the criminal court of Buchanan county, was called in to try the case, the trial resulting in the defendant's conviction, his punishment being assessed at three years in the penitentiary. After filing unsuccessful motions for new trial and in arrest of judgment, the defendant appealed.

The State's evidence tended to prove that the prosecuting witness, R. F. Freeman, was a carpenter by trade and lived with his wife in the suburbs of Kansas City, Missouri. The wife of Mr. Freeman met the defendant in a real estate office in Kansas City, and the two engaged in a conversation about the sale of the Freeman house and lot, and Mrs. Freeman invited the defendant to come out and look at their property. She further requested the defendant to bring his wife and come out and take supper with them the next evening. In response to that invitation the defendant and his wife went out to the Freeman home and reached there about 6:30 the next evening, meeting Mr. Freeman at the front gate as he was returning from his work. This Freeman property was reasonably worth at that time $1,250, and the Freemans desired to sell the same and move to the country. The State's evidence further tended to prove that the defendant represented to the prosecuting witness that the defendant was the owner of a farm in Carter county, Missouri, consisting of one hundred and forty-three acres; that thirty-five acres were in cultivation, and five acres in young orchard, four years old; that there were all kinds of fruit in said orchard, except pears, and that the farm had a two-room log house thereon, with a fine

well of water in the rear, also a good barn, with a crib on one end and stalls on the other; that the land was fenced, and that it had the advantage of a living spring that never went dry; that there were sixty or seventy large black walnut trees on the place, and that on the northwest corner there was a school house and church; that when he was asked how he knew these facts, he answered that he had been on the farm, had driven out there in a livery rig, and that he had drunk water out of the well and spring, and knew it was good; that he further said that the soil was good and the title perfect.

Mr. and Mrs. Freeman, without going to look at the Carter county place, believed the defendant's representations in regard thereto, and agreed to exchange their Kansas City property for the same. Accordingly, deeds were executed, and Freeman and his wife went down to Carter county to see their new purchase. Arriving there, Mr. Freeman went out to look at the place, and found that it was not fenced; that there was no house, barn, well or spring thereon; that none of the land was in cultivation, or fit to cultivate, and that there was not a church or schoolhouse within three miles thereof.

The defendant's evidence tended to show that he had purchased the Carter county farm from a man named Bradshaw, and that he (defendant) had never seen it, nor knew anything about it except in so far as he had been informed by Bradshaw. Defendant and his wife also testified that no representations were made by them, or either of them, except that they stated that Bradshaw told them there was a log house upon the place, and that it had an orchard and some cultivable land. They further denied that they represented to Freeman that the place would make him a nice home, or that they tried to deceive him in any way. Other witnesses who were in Mr. Powell's office at the time the deeds were drawn up, testified that they heard no.

statements made to Mr. Freeman in regard to the Carter county land.

Defendant makes the point that the information is invalid and insufficient for the reason that it does not allege that the Carter county land, without the alleged improvements, was not equal in value to, and could not be sold for a price sufficient to cover, the value of the Kansas City property, alleged in the information to be worth twelve hundred dollars. We agree with the defendant that, in order to make out a case against him of obtaining property by false pretenses, there must, under section 1927, Revised Statutes 1899, be an intent to defraud; there must be a fraud committed; that false pretenses must have been resorted to to accomplish the fraud, and that by such false pretenses the owner of the property was induced to part with his property; but we are unwilling to say that because there was no evidence with respect to the value of the Carter county land, the said R. F. Freeman and Sarah A. Freeman were not defrauded. There are several alleged false representations set forth in the information, the value of the Carter county land not being one of them, and proof of any one or more of those set forth, amounting in law to a false pretense, is all that is necessary to sustain the information. [People v. Wakely, 62 Mich. 297.]

It is said for defendant that it is not alleged in the information that by means of the false and fraudulent representations, the said Miller obtained a deed to the property of the Freemans, and that the information, in the absence of such an allegation, is invalid. The information alleges that "the said Reuben F. Freeman and Sarah A. Freeman, believing the said false and fraudulent representations and pretenses, so falsely, feloniously, fraudulently and designedly made as aforesaid, by the said F. M. Miller, to be true, and relying thereon, and being deceived thereby, were then and there and thereby induced by reason thereof *to sell and*

*transfer their said property* to the said F. M. Miller in exchange for the said Carter county property, as aforesaid, and did then and there sell and transfer their said property to said F. M. Miller, in exchange for the said Carter county property as aforesaid, by then and there making, executing and delivering, at the suggestion and under the direction of the said F. M. Miller, as performance on their part of the exchange proposed by the said F. M. Miller as aforesaid, to one Pocahontas Miller, the wife then and there of the said F. M. Miller, a warranty deed to their said property, which said warranty deed is in words and figures as follows,'' and then set out in full a warranty deed, duly executed by R. F. Freeman and Sarah A. Freeman, his wife, on the 29th day of August, 1904, by which they conveyed to Mrs. Pocahontas Miller, the wife of the defendant, the property in Kansas City, Missouri, in exchange for the Carter county land. But the information does not allege that the defendant, by any false pretense, obtained the signatures of R. F. Freeman and Sarah A. Freeman, or either of them, to said deed. This is the gravamen of the offense, and against which the statute is leveled. As the information fails to allege that the defendant obtained the signatures of the said R. F. Freeman and Sarah A. Freeman to the deed which purports to have been executed by them to Mrs. Pocahontas Miller, the information must be held to be invalid. It follows that instruction number 1 given by the court upon the theory that the information charges that the defendant, by false and fraudulent representations, obtained the signatures of Mr. and Mrs. Freeman to the deed conveying the property described therein to Mrs. Miller, is erroneous, as not being authorized by the information; in a word, is broader than the information.

Defendant complains of the action of the court in permitting the prosecuting attorney, over defendant's objection, to amend the information by inserting the words, ''and by said F. M. Miller then and there deliv-

ering the said deed to said R. F. Freeman and Sarah A. Freeman, his wife, with the names of said grantees so written in as aforesaid.'' While the defendant in his brief asserts that the amendment was made after the jury was sworn, the record indicates that the amendment was made before the jury was sworn. However this may be, it is unnecessary to decide the question, as the judgment will have to be reversed and the cause remanded for new trial under a new or amended information.

Defendant also insists that several instructions asked by him, and refused by the court, should have been given. The court, of its own motion, gave several instructions, as also one asked by defendant, which instructions covered all the issues involved in the case, and, with the exception of the first, which is erroneous as indicated, were correct. No other instructions were necessary.

Our conclusion is that the judgment should be reversed and the cause remanded. It is so ordered. All concur.