THE STATE v. WALTER W. STRACK, Appellant.—292 S. W. 63.

Division Two, January 24, 1927.

**1. ALLOCUTION: Judgment before Motion for New Trial.** If judgment is rendered and sentence pronounced before the filing of a motion for a new trial, errors preserved in the bill of exceptions cannot be considered on appeal. But upon a proper showing that no allocution was accorded the defendant, the premature judgment may be set aside, and the cause remanded so that the judgment may be entered in regular course. Otherwise, only the record proper is for review.

**2. COUNTY COLLECTOR: False Entry.** The statute (Sec. 3437, R. S. 1919) does not make a false entry in a book kept by a county collector a crime.

**3. ——: ——: Indictment: Falsification.** An indictment charging that defendant, in a book kept by the county collector, "did then and there wilfully, falsely and feloniously falsify an entry by then and there falsely and feloniously inserting in said book the following false and fraudulent words and figures," does not charge the falsification of an entry, but the making of a false entry, and the making of a false entry in a book kept by a county collector is not a violation of the second clause of Section 3437, Revised Statutes 1919.

**4. ——: ——: ——: Allegation of Entry Falsified.** Even if the words describing defendant's act can be held to charge that he falsified and falsely altered an entry in a book kept by a county officer, the indictment, to be good, must set out the entry falsified; it must set out the entry in the book which the alteration falsified.

**5. ——: ——: ——: Falsity: Delinquent Taxes: Owner.** An indictment charging that an entry was made upon a book containing the land delinquent list of the county so as to show the valuation and that a certain person had not paid taxes on the land, and that it was returned delinquent, but failing to charge that such words were false, that the land had ever been assessed for taxes and that said person was the owner of the land described or that he had ever paid taxes on it, does not charge a falsification of an entry in a book.

---

Corpus Juris-Cyc. References: Criminal Law, 17 C. J., Section 3349, p. 89, n. 58; Section 3758, p. 372, n. 68 New. Forgery, 26 C. J., Section 41, p. 918, n. 75; Section 68, p. 931, n. 68; Section 72, p. 933, n. 9, 11; Section 82, p. 938, n. 97. Indictments and Informations, 31 C. J., Section 179, p. 659, n. 72; Section 194, p. 673, n. 41; Section 548, p. 877, n. 66.

Appeal from Franklin Circuit Court.—*Hon. R. A. Breuer,* Judge.

REVERSED AND REMANDED.

*Ralph & Baxter, James Booth* and *Virginia Booth* for appellant.

(1)   The indictment is void, because (a) the facts therein stated are insufficient and do not constitute any offense; (b) the charges therein are repugnant and inconsistent; (c) the matters and things charged and the words and figures set out in said indictment are so ambiguous, vague, uncertain and unintelligible that defendant is uninformed of the nature of the charge he is called upon to meet.   (2)   In criminal pleading nothing can be charged by implication or intendment, nor is it sufficient to charge any material matter by way of argument, conclusion, or recital, nor as based on suspicion.   22 Cyc. 293, 294; State v. Sherrill, 278 S. W. 994.   The law presumes that what the indictment does not charge does not exist.   State v. Zingher, 302 Mo. 650; State v. Sherrill, 278 S. W. 992.   A charge of forgery must contain such averments as will make the offense affirmatively appear, and when it undertakes to set out in what the forgery charged consists it must state it truly and prove it as stated; and all things set forth in the statute which are essential ingredients of the offense must be alleged.   State v. Small, 280 S. W. 1033; State v. Plotner, 283 Mo. 83; State v. Meysenburg, 171 Mo. 1; State v. Zingher, 302 Mo. 656.   It is essential to an indictable forgery that the alleged forged instrument possess some legal efficacy.   State v. Cordray, 200 Mo. 29.   The indictment is void for want of particularity.   State v. Burke, 151 Mo. 136.   The indictment abounds in inferences and conclusions of the pleader.   After setting out the alleged forged writing consisting of the words "Ebker Albert," followed by a jumble of meaningless letters and figures, the pleader draws the inference and conclusion that said words, letters and figures made it appear, and it "did appear that said Albert Ebker had not paid his taxes on land for the year 1922, described as," etc.   There are no matters of inducement alleged to justify such an *innuendo,* and the indictment is bad. State v. Meysenburg, 171 Mo. 1; State v. Burke, 151 Mo. 141.   There is no charge that Albert Ebker owned the land attempted to be described in the indictment, or any other land located in Gasconade County.   (3)   The indictment is bad for repugnancy.   In one breath it is charged that the defendant did "falsify an entry," and in the next breath, "by then and there falsely and feloniously inserting in said book, record and journal (not an entry in a book, record and journal) the following false and fraudulent words and figures, towit:"   State v. Lawrence, 178 Mo. 350; State v. Judd, 221 Mo. 554; State v. Burke, 151 Mo. 136.   (4)   The indictment is so vague, am-

biguous, uncertain and unintelligible that defendant is uninformed as to the nature of the charge. Abbreviations and figures such as are used in this indictment, without a definition of their meaning or an explanation of their use, are not good even in civil practice. Sec. 12968, R. S. 1919; O'Day v. McDaniel, 181 Mo. 534; Lowe v. Elkey, 82 Mo. 286; Orchard v. Laclede Gas Co., 269 Mo. 653.

*North T. Gentry,* Attorney-General, and *Geo. W. Crowder,* Assistant Attorney-General, for respondent.

The crime defined being statutory, the indictment will be sufficient if it sets out the essential elements of the statute, and pleaded substantially in the language of the statute. An inspection of this indictment indicates that it fulfills this requirement. Sec. 3437, R. S. 1919.

WHITE, J.—A grand jury in the Circuit Court of Gasconade County returned an indictment charging the defendant, in violation of Section 3437, Revised Statutes 1919, with falsifying an entry in a book kept by the Collector of that county. On a trial August 4, 1925, a jury found him guilty and assessed his punishment at two years' imprisonment in the penitentiary. A judgment followed from which he appealed.

The record shows judgment rendered and sentence pronounced before the filing of a motion for new trial. For that reason we are unable to consider any errors preserved in the bill of exceptions. We have only the record proper for consideration, which shows that no allocution was accorded the defendant. The premature judgment might be set aside for that reason, and the cause remanded so that the entry of judgment might be entered in regular course. However, as we view it, it is unnecessary to consider that feature of the case. Omitting caption and signature the indictment is as follows:

"The grand jurors for the State of Missouri, impaneled, sworn and charged to inquire within and for the body of the County of Gasconade and State of Missouri, upon their oaths present and charge that one Walter W. Strack, on the —— day of March, 1923, at and in the County of Gasconade and State of Missouri, in a certain book, record and journal made and kept by the *tehn* and there duly elected, qualified and acting Collector of the Revenue of the said county, to-wit: One Lorenz Emo, the said book, record and journal being then and there the Land Delinquent List of Gasconade County, Missouri, for the year 1922, in the office of the said Collector, which said book, record and journal was then and there authorized and required by the laws of the State of Missouri to be made and kept by the said Collector for the purpose of returning and showing to

316 Mo.—38.

the County Court of the said County of Gasconade, Missouri, at his annual March settlement, what taxes on land and town lots for the year 1922 were delinquent and unpaid, did then and there, willfully, falsely and feloniously falsify an entry by then and there falsely and feloniously inserting in said book, record and journal the following false and fraudulent words and figures, to-wit:

"Ebker Albert 40 S2 lot 1 NW 6 43 4 1400 1 82 2 80 15 3 36 30 3 50 by reason of which words and figures, so falsely and feloniously entered it was made to appear, and did appear that said Albert Ebker had not paid his taxes on lands for the 1922, described as 40 acres, S2 lot 1 NW Section 6 Twp. 43 Range 4 on an assessed valuation of $1400, to the amounts of: State Tax $1.82, County Tax $2.80, Road Tax District No. 15, $3.36, and School Tax District No. 15, $3.36, and School Tax District No. 30 Teachers $3.50.

"When in truth and in fact the said Albert Ebker had paid prior to the first day of January, 1923, all the public taxes including all state and county taxes levied against him and upon his property for the year 1922 and for all years prior thereto; that the defendant well knew at the time when he inserted the aforesaid and fraudulent words and figures in said book, record and journal, that they were false and fraudulent; that defendant did feloniously falsify said entry in said book, record and journal on the ——day of March, 1923, with the felonious intent then and there and thereby to cheat and to defraud; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

If the indictment is insufficient to charge an offense the judgment must be reversed.

I. The statute under which this charge was preferred (Sec. 3437, R. S. 1919) contains two clauses: It first makes it a felony for anyone with intent to defraud, to make "any false entry" or "falsely alter, destroy or corrupt" any entry, in a book of accounts kept by certain state officers or by any county treasurer.

The second clause makes it a felony if anyone shall falsely alter, destroy, corrupt or falsify any entry in any book, etc., required by law to be kept by *any county officer.* That clause applies to this case. The particular book upon which the alleged alteration was made was a book kept by the Collector of the county.

Thus it is a felony to "alter or falsify" an entry kept in any book kept by any state or county officer. It is also a felony to make a false entry in any book kept by a state officer, but it is not a crime under that section to make a "false entry" in a book kept by any county officer except the county treasurer. We must assume that the Legislature had sufficient reason for making that distinction. Mani-

festly, one could not falsely alter, destroy, corrupt or falsify an entry in a book unless there was such an entry to be the subject of such treatment. The indictment, without alleging there was an entry, alleged that the defendant falsified an entry by inserting the following false words:

"Ebker, Albert 40 S2 Lot 1 NW 6 43 4 1400 1 82 2 80 15 3 36 30 3 50."

Appellant argues that this is a mere jumble of words without meaning. It is probable that these entries were made under appropriate columns, designated in the book in which they appear, as the name of the person whose taxes were delinquent, a description of the property which was delinquent, its valuation, and the different items of tax assessed against it. The explanation of these entries follow:

". . . by reason of which words and figures so feloniously entered it was made to appear, and did appear that said Albert Ebker had not paid his taxes on lands for the 1922, described as 40 acres, S2 lot 1 NW Section 6 Twp. 43 Range 4 on an assessed valuation of $1400, to the amounts of: State Tax $1.82, County Tax $2.80, Road Tax District No. 15, $3.36, and School Tax District No. 30 Teachers $3.50."

That explanation might have been more specific, but in the absence of an appropriate motion attacking it we hold it sufficient after verdict.

II. The allegation in the indictment that the defendant falsely and feloniously falsified an entry, was a conclusion of the pleader. That was followed by a statement of the fact. He did it "by then and there falsely and feloniously inserting in said book the following false and fraudulent words." It is not the falsification of an entry at all, but the making of a false entry, which is not in violation of the second part of Section 3437. [26 C. J. 833.]

III. But, assuming that the description of what was done was the falsifying or falsely altering an entry, the indictment to be good must have set out the entry falsified. What was the entry in the book which the alteration mentioned renders false? In cases of false pretense, perjury and other frauds, it is necessary to negative the averments of the matter put forward as true.

This principle has been applied to falsely altering a writing. [State v. Fischer, 58 Mo. 256.] Where an instrument, a book or an entry is altered, the indictment charging the offense as a felony must set out the entry, book or writing thus altered.

Furthermore, the allegation of the indictment that the insertion of words mentioned falsified an entry, even if there had been an entry to falsify, fails to show that such words were false. It alleges that the entry was made upon a book containing the land delinquent

list of Gasconade County so as to show the valuation; that Albert Ebker had not paid taxes on that land, and that it was returned delinquent. That is the explanation of the entry. There is no allegation that those statements in the book were false. The indictment proceeds as follows:

"When in truth and in fact the said Albert Ebker had paid prior to the first day of January, 1923, all the public taxes, including all State and county taxes levied against him and upon his property for the year 1922 and for all years prior thereto."

There is no allegation anywhere that Albert Ebker owned the land described in the alleged false entry or that it had ever been assessed to him, or that taxes had ever been levied against him on it, or that he had ever paid taxes on it. It is alleged that he had paid taxes levied against him on *his* land. In order to show that the entry was false it would have to be alleged that this land was his and that the taxes were levied against him.

The indictment, therefore, lacks the directness and precision of averment required in an indictment, on the theory that the law will presume that what the indictment does not charge does not exist. [State v. Zingher, 302 Mo. l. c. 657.]

The judgment accordingly is reversed and the cause remanded. All concur.