### STATE of Missouri, Respondent,

v.

### Kenneth JARRETT, Appellant.

### No. 54465.

Supreme Court of Missouri,
Division No. 2.

June 12, 1972.

**506**

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Jerome F. Waterman, Houlehan & Waterman, Kansas City, for appellant.

HOUSER, Commissioner.

Original appeal by Kenneth Jarrett from a 7-year sentence on conviction of obtaining money by false pretenses by means of a confidence game, § 561.450, RSMo 1969, V.A.M.S., following trial by the court sitting without a jury.

The first questions are whether the Third Amended Information on which defendant was tried charged a crime under § 561.450 and, if not, whether the judgment of conviction should be sustained on the basis of the Fourth Amended Information, which was filed by leave of court on the day the court entered its judgment, approximately two months after the case was taken under submission.

Section 561.450 makes a felon of every person who, with intent to cheat and defraud, shall obtain from any other person any money by means of any trick or deception, or false and fraudulent representation, or statement or pretense, commonly called "the confidence game."

The Third Amended Information charged that defendant did, with intent to cheat and defraud, obtain $200 from one Haggerty by means of trick, deception and false and fraudulent representation, and statements or pretense, commonly called "confidence game" by knowingly making false and fraudulent representations to the effect that the two homes owned by Haggerty were infested with termites to a dangerous extent requiring immediate treatment, "when in truth and in fact said Kenneth Jarrett knew that such was not the case, and the said [Haggerty] relied upon and believed the truth of pretenses made and was thus induced to part with his said money."

In the Fourth Amended Information the following was substituted for the immediately preceding quotation: "when in truth and in fact the said two homes owned by said [Haggerty] * * * were not infested with termites, and the said Kenneth Jarrett at said time and place knew that the said two homes * * * were not infested with termites."

■ The Third Amended Information is defective, for failure to falsify the pretension by specific and distinct allegations (in this case for failure to allege that the two homes were not infested with termites). It is not sufficient to charge that defendant falsely and fraudulently pretended that the houses were infested with termites knowing that such was not the case. This has been the law of the State for 111 years, beginning with State v. Peacock (1861), 31 Mo. 413. In that case the false pretense was negatived as follows: "whereas in truth and in fact the said land was not as represented by the said Amos Peacock," and in this respect the indictment was held defective. See State v. Bonnell (1870), 46 Mo. 395; State v. Saunders (1876), 63 Mo. 482; State v. Bradley (1878), 68 Mo. 140; State v. DeLay (1887), 93 Mo. 98, 5 S.W. 607; State v. Phelan (1900), 159 Mo. 122, 60 S.W. 71; State v. Young (1916), 266 Mo. 723, 183 S.W. 305, 307[1]; State v. Ruwwe (1922), Mo.Sup., 242 S.W. 936. In State v. Strack (1927), 316 Mo. 591, 292 S.W. 63, 64 [6], this Court said: "In cases of false pretense, perjury, and other frauds, it is necessary to negative the averments

of the matter put forward as true." In 32 Am.Jur.2d False Pretenses § 61, p. 214: "It is essential to the validity of the indictment that it contain a distinct and specific averment that the representations made are false in fact and are fraudulent. But it has been said that it is not enough to characterize a representation as 'false' or 'fraudulent,' and that the particulars in which the representations relied upon are false must appear from facts directly and positively set out." See also 35 C.J.S. False Pretenses § 42c, p. 874, and Anno. 33 A.L.R. 1154.

■ The missing element was supplied by the filing of the Fourth Amended Information, in which it was distinctly averred that the two homes owned by Haggerty were not infested with termites. Conceding that the Fourth Amended Information corrected the defect, defendant contends that the court erred in permitting it to be filed because the Fourth Amended Information charged an additional or different offense and defendant's substantial rights were prejudiced in that the latter information contained an additional element not contained in the Third Amended Information, requiring defendant to introduce rebuttal testimony which he was not prepared to do. First, defendant cites City of St. Louis v. Vetter, Mo.App., 293 S.W.2d 140, for the proposition that under Criminal Rule 24.02 [1] V.A.M.R., an amendment of an information is not permitted when the original complaint fails to charge an offense. That case is impliedly overruled by later Supreme Court cases, including State v. Lafferty, Mo.Sup., 416 S.W.2d 157, which holds that although an original information is fatally defective for omission of an essential averment, where it attempts to charge and is sufficient to advise the accused of the charge against him, an amendment adding language which removes all doubt about the sufficiency of the original charge may be made by leave

of court and there is no prejudice to the accused by reason of such an amendment or correction as long as no additional or different offense is charged. (See cases cited in Lafferty, 416 S.W.2d 1. c. 160 [2].) The Fourth Amended Information states no additional or different offense. The Third Amended Information is readily identifiable as a charge under § 561.450. It states the essence of the offense: that the injured party parted with his money in reliance upon a false and fraudulent representation, pretense, or trick, State v. Fields, Mo.Sup., 366 S.W.2d 462; State v. Stegall, Mo.Sup., 353 S.W.2d 656; State v. Cunningham, Mo.Sup., 380 S.W.2d 401; State v. Garner, Mo.Sup., 432 S.W.2d 259. It alleges the essential element of intent to cheat and defraud and defendant's knowledge of the falsity of the representation. It plainly describes an offense defined in § 561.450 and contains a specification of the transaction with sufficient particularity to enable accused to know what he is charged with; sufficient in detail to apprise accused of the nature of the alleged deceit, pretense and trick and the cause of the accusation against which he must defend himself. It is clearly sufficient to bar further prosecution for the same offense. All it lacked was an averment specifically and distinctly alleging the falsity of the pretension. It was within the discretion of the trial judge to permit an amendment supplying that omission, thus perfecting the statement of the same offense imperfectly charged in the Third Amended Information.

■ Defendant claims prejudice, however, in that the failure of the Third Amended Information to allege that there was no termite infestation caused defendant not to prepare to contradict testimony (introduced by the State at the trial) that no termites were found; in other words, that since the falsity of the pretense was not alleged defendant did not prepare and

1. "The court may permit an information to be amended * * * at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

had no reason to prepare to contest the falsity of the pretense. This contention is unrealistic. Although the Third Amended Information was technically insufficient for failure to specifically and distinctly allege the falsity of the pretension it by implication and innuendo apprised defendant that the State could be expected to adduce evidence on the issue. The idea that the technical insufficiency of the information misled defendant into foregoing the defense that termites were present, if in fact they were present to defendant's knowledge, is unacceptable. If as a practical matter either of the houses actually had been infested with termites to the knowledge of defendant it is difficult to believe that defendant would not have defended on this ground. The defense actually interposed was that Haggerty approached defendant, told defendant that he had seen termites swarming the previous spring and asked defendant to "termite proof" the houses; that defendant took Haggerty's word for the fact that termites were present; that defendant's employees "drilled the houses and treated them" without defendant having made an inspection for termites; that defendant made no representations whatever with respect to the presence of termites. This defense, as well as a defense based upon the existence of termites, would have been equally available to defendant under either the Third or Fourth Amended Informations, and defendant's evidence would have been equally applicable after as well as before the amendment. We find no prejudice to defendant's rights in the allowance of the amendment.

■ Error is assigned in refusing to admit in evidence defendant's Exhibit A, a newspaper advertisement sponsored by the State's expert witness Harold Bell of Bell Pest Control, in which the statement is made that termites attack both new and old homes; that "No home is safe without modern Gold Crest chemical protection, and prevention is much cheaper than repairs after an attack." Defendant contends Exhibit A was admissible to impeach Bell's testimony that he inspected Haggerty's dwelling place and found no indication of termites "now" or that there had ever been any termites in the house. Defendant argues that Bell's statement in the advertisement that no home is safe without chemical protection is inconsistent with his testimony that Haggerty's home had no termite infestation. The argument fails because there is no essential inconsistency. If the advertisement had stated that all homes are infested with termites there would have been an inconsistency, but it did not so state. The gist of the advertisement is that all homes, being subject to attack by termites, should be chemically treated as a preventive measure. This tracks perfectly with Bell's testimony. Bell testified that all wooden homes are susceptible to termite infestation; that some homes are safe from infestation, depending upon their construction. In answer to the question "Would you say Mr. Haggerty's home is not safe from termite infestation without chemical treatment?" Bell answered, "Of course there is a possibility it would have termites, sure. * * * It could happen." This exchange took place: "Q It is a true statement if I said that Mr. Haggerty's home is not safe from termite infestation unless it is treated chemically? A There again it is a possibility it could have termites eventually. Q Is the statement true or false? * * * A There is a possibility that the house would have termites eventually. It might stand fifty years and never termites, but there is a possibility it could have termites, certainly." There was no error in excluding Exhibit A.

■ Error is assigned in the return of a verdict of guilty as charged; that defendant was charged with false representations and pretenses with respect to *two* homes owned by Haggerty; that it was charged that *both* homes were infested with termites but that the State's proof was confined to termite infestation of one house only, and therefore there is a fatal

variance between allegation and proof. Citing State v. Zingher, 302 Mo. 650, 259 S.W. 451; State v. Sherrill, Mo.Sup., 278 S.W. 992, and two Texas cases, defendant argues that the State had the burden of proving the falsity of the statement that both houses were infested and that allegation and proof must correspond. There is no error. The false pretense with respect to Haggerty's dwelling house was proved. To sustain a conviction on that basis it was not necessary that the State also prove the charge with respect to Haggerty's rental house. Where an information charges several false pretenses evidence of one of them constituting in law an offense will support a conviction. State v. Smith, Mo. Sup., 324 S.W.2d 702, 706 [2], and cases cited. "There is no variance when several representations are alleged and only one is proved, where such pretense was a material inducement to the prosecutor's parting with his property." 35 C.J.S. False Pretenses § 49, p. 886. Likewise, where an information charges a false pretense with respect to several subject matters, if any one of them truly amounts to a false pretense, the information is sustained. State v. Miller, 212 Mo. 73, 111 S.W. 18, 19; State v. Gerhardt, 248 Mo. 535, 154 S.W. 722, 724 [2].

Finally, it is urged that there was a fatal variance between allegation and proof in that the information charged fraudulent misrepresentation that Haggerty's houses were infested with termites to a dangerous extent requiring immediate treatment whereas the proof was simply representation that the houses had termites. In a case charging this offense the pretense need not be proved in the precise words laid in the information. Exact verbal duplication is not required. It is sufficient that the *idea and concept* conveyed by defendant to victim and that set forth in the information be identical. State v. Vanderbilt, N.J.Sup., 27 N.J. Law Reports 328, 337; 32 Am.Jur.2d False Pretenses § 66. A variance between allegation and proof is not fatal unless the variance was material to the merits of the case and prejudicial to the defense of the defendant. State v. Smith, Mo.Sup., 252 S.W. 662, 665 [6]; 35 C.J.S. False Pretenses § 49, a., p. 884. This record discloses a technical variance between charge and proof but the variance is immaterial and harmless. The gravamen of the charge and the material averments of the information are that defendant represented and pretended to the property owner that termites were present in his property and that it was necessary to treat for them; that termites were not in fact present and therefore the pretense was false; that the property owner relied upon the false and deceitful pretense and was thereby tricked into parting with his money. The State substantially and sufficiently proved false representation of the presence of termites, necessity of treatment, reliance by and damage to the property owner, and that in fact there were no termites in the property. See State v. Fields, Mo.Sup., 366 S.W.2d 462, a false pretense case involving alleged beetle and termite eradication.

The judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and CONLEY, Special Judge, concur.